| | |
|---|---|
| 1 | NOSSAMAN LLP |
| 2 | E. GEORGE JOSEPH (SBN 110797)<br>gjoseph@nossaman.com |
| 3 | BENJAMIN Z. RUBIN (SBN 249630)<br>brubin@nossaman.com |
| 4 | 18101 Von Karman Avenue, Suite 1800<br>Irvine, CA  92612 |
| 5 | Telephone:  949.833.7800<br>Facsimile:   949.833.7878 |
| 6 | Attorneys for Defendants |
| 7 | FOOTHILL/EASTERN TRANSPORTATION<br>CORRIDOR AGENCY, SAN JOAQUIN HILLS |
| 8 | TRANSPORTATION CORRIDOR AGENCY;<br>RHONDA REARDON; MICHAEL KRAMAN; CRAIG |
| 9 | YOUNG; SCOTT SCHOEFFEL; AND ROSS CHUN |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| PENNY DAVIDI BORSUK, a natural person; on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>THE TRANSPORTATION CORRIDOR AGENCIES, a government agency d/b/a/ "The Toll Roads"; FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY, a government agency; SAN JOAQUIN HILLS TRANSPORTATION CORRIDOR AGENCY, a government agency; RHONDA REARDON, a natural person; MICHAEL KRAMAN, a natural person; CRAIG YOUNG, a natural person; SCOTT SCHOEFFEL, a natural person; ROSS CHUN, a natural person; ORANGE COUNTY TRANSPORTATION AUTHORITY, a GOVERNMENTAL agency; DARRELL JOHNSON, a natural person; and DOES 1-250, inclusive,<br><br>          Defendants. | Case No:   8:16-cv-262<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**<br>(Orange County Superior Court Case No. 30-2015-00812981) |

NOTICE OF REMOVAL

13369195

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE THAT Defendants Foothill/Eastern Transportation Corridor Agency, San Joaquin Hills Transportation Corridor Agency, Rhonda Reardon, Michael Kraman, Craig Young, Scott Schoeffel, and Ross Chun (collectively, "TCA Defendants"), hereby remove the above-captioned civil action from the Superior Court of California, County of Orange, to the United States District Court for the Central District of California.  Removal is made under 28 U.S.C. § 1441 based on the following grounds:

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1441(a) and 1446, as set forth more fully below.

2. TCA Defendants are informed and believe that on October 2, 2015, an action was commenced by Plaintiff Penny Davidi Borsuk ("Plaintiff") in the Superior Court of the State of California, County of Orange, bearing Case No. 30-2015-00812981-CU-BT-CXC.

3. Defendants Foothill/Eastern Transportation Corridor Agency and San Joaquin Hills Transportation Corridor Agency (the "Corridor Agencies") are two joint power authorities formed by the California legislature in 1986 to plan, finance, construct, and operate a public toll road system in Orange County, California.  The Corridor Agencies are named as defendants in the above-captioned case.

4. TCA Defendants received a copy of the Summons and Complaint on January 5, 2016 along with a Notice and Acknowledgement.  TCA Defendants signed and returned the Notice and Acknowledgement on January 15, 2016. Service of a summons is "deemed complete on the date a written acknowledgement of receipt of summons is executed."  Cal. Code Civ. Proc. § 415.30(c) (West 2015).  Thus, January 15, 2016 operates as the date of service of this action on TCA Defendants.  *Luchetti v. Hershey Co.*, No. 08-1629, 2008 WL

2331965, at *3-4 (N.D. Cal. 2008) (after noting that service of process is "measured from the service date according to state law," the court concluded that defendant's execution of the Notice and Acknowledgement completed plaintiff's service of process under California Code of Civil Procedure section 415.30, which triggered defendant's 30-day period to file a notice of removal).

5. Plaintiff's Complaint was the first pleading containing a removable claim received by TCA Defendants.

6. This notice of removal is timely filed within 30 days after the date of service of the Summons and Complaint in this action. 28 U.S.C. § 1446(b).

7. The other named defendants in this case are as follows:

    a. The Transportation Corridor Agencies;

    b. Orange County Transportation Authority; and

    c. Darrell Johnson.

8. TCA Defendants are informed and believe that Orange County Transportation Authority and Darrell Johnson have not been served with the Summons and Complaint, and therefore are not required to consent to or join in this removal pursuant to 28 U.S.C. § 1446(a)(2)(A). Furthermore, TCA Defendants are informed and believe that to date, no DOE defendants have been substituted into the action or served with the Complaint. Finally, while the Transportation Corridor Agencies is separately named and identified as a defendant in the Complaint, this entity does not actually exist. Rather, it is merely a common means of referring to the Corridor Agencies. Thus, as the Transportation Corridor Agencies does not exist, and therefore cannot and has not been served, its consent to or joinder in this removal is not required.

9. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . ." 28 U.S.C. § 1441(a). Therefore, a defendant is entitled to remove an action if the plaintiff could have

brought the action in federal district court originally as an action "arising under the Constitution, laws, or treaties of the United States." 28. U.S.C. § 1331.

10. Removal of this case is appropriate under 28 U.S.C. § 1441(a), because Plaintiff has alleged that the civil penalty scheme set forth in California Vehicle Code sections 40250 et seq. on its face and/or as applied by TCA Defendants violates the due process clause of the Fourteenth Amendment to the U.S. Constitution. Plaintiff further alleges that the fines imposed by TCA Defendants violate the excessive fines clauses of the Eighth and Fourteenth Amendments to the U.S. Constitution. Thus, this suit is properly removed as it is a civil action "arising under the Constitution, law or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's state law claims are all transactionally related to the federal claims and therefore subject to this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Central District of California is the federal judicial district embracing the Superior Court of California, County of Orange where the state court action was originally filed.

12. Pursuant to 28 U.S.C. § 1446(d), TCA Defendants will promptly provide written notice of removal to Plaintiff and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California in and for the County of Orange.

/ / /
/ / /
/ / /

1  13.  Pursuant to 28 U.S.C. § 1446(a), attached to this Notice as Exhibits A through O are true and correct copies of all documents that have been filed with the Court and served on TCA Defendants in this action as of the date of removal.

Dated: February 16, 2016

NOSSAMAN LLP
E. GEORGE JOSEPH
BENJAMIN Z. RUBIN

By: _____/s/ Benjamin Z. Rubin_____
       Benjamin Z. Rubin

Attorneys for Defendants
FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY, SAN JOAQUIN HILLS TRANSPORTATION CORRIDOR AGENCY; RHONDA REARDON; MICHAEL KRAMAN; CRAIG YOUNG; SCOTT SCHOEFFEL; AND ROSS CHUN