ZELDES HAEGGQUIST & ECK, LLP
HELEN I. ZELDES (220051)
  helenz@zhlaw.com
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: (619) 342-8000
Facsimile: (619) 342-7878

*Interim Co-Lead Class Counsel*

[ADDITIONAL COUNSEL APPEAR ON SIGNATURE PAGE.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| <u>IN RE: TOLL ROADS LITIGATION</u><br>PENNY DAVIDI BORSUK; DAVID COULTER; EBRAHIM E. MAHDA; TODD QUARLES; TODD CARPENTER; LORI MYERS; DAN GOLKA; and JAMES WATKINS on Behalf of Themselves and All Others Similarly Situated,<br><br>         Plaintiffs,<br><br>    v.<br>FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY; SAN JOAQUIN HILLS TRANSPORTATION CORRIDOR AGENCY; ORANGE COUNTY TRANSPORTATION AUTHORITY; 3M COMPANY; BRiC-TPS LLC; RHONDA REARDON; MICHAEL KRAMAN; CRAIG YOUNG; SCOTT SCHOEFFEL; ROSS CHUN; DARREL JOHNSON; LORI DONCHAK; COFIROUTE USA, LLC; WILLIAM P. DUFFY; and DOES 3-10, inclusive,<br><br>         Defendants. | Case No: 8:16-cv-00262 AG (JCGx)<br><br>**AMENDED STIPULATED PROTECTIVE ORDER**<br><br><br><br><br><br><br><br><br>Complaint Served: Jan. 15, 2016<br>Removed: Feb. 16, 2016 |

AMENDED STIPULATED PROTECTIVE ORDER

49704048.v8

# I.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Amended Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. The parties further acknowledge, as set forth in Section XIII(c), below, that this Amended Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. Under the terms of this Order, the parties must seek the Court's permission, through the appropriate procedures, to file specific types of material specified herein under seal.

# II.    GOOD CAUSE STATEMENT

The allegations in the operative complaint expressly involve personally identifiable information of toll road users in Orange County, California, including individuals who have used State Routes 73, 241, 261, 133, or the 91 Express Lanes between October 21, 2009 and the present. State law prohibits the disclosure of personally identifiable information of toll road users "to any person" subject to certain exceptions that do not expressly include disclosure during civil litigation discovery. *See* Cal. Sts. & High. Code § 31490(a). This law was enacted to among other things, protect the personally identifiable information of toll road users from use by third parties for marketing and solicitation purposes. Because providing this information in response to discovery does not fall within an express

exception, disclosing any such information in the absence of a proper protective order may constitute a breach of the California Streets & Highways Code § 31490 and may make the Defendants vulnerable to suit for failure to comply with the Streets & Highways Code, potentially subjecting the Defendants to several thousands of dollars in damages for every single disclosure (potentially totaling in the millions and possibly the billions of dollars, depending on the number of disclosures made). These protections are afforded to personally identifiable information, including all contact information for users of toll roads, so that operators of such roads may utilize the information for proper purposes consistent with the limitations set forth in the Streets & Highways Code and other applicable law, without impairing private citizens' freedom from unwanted communications. As such, Defendants contend that personally identifiable information of toll road users is not lawfully available to the public, under Streets & Highways Code § 31490.

Additionally, this litigation also expressly involves the policies and procedures employed by the Defendants in assessing and enforcing tolls and toll penalty violations. This includes, among other things, the factors and procedures that come into play when and if any of the Defendants determine that it is appropriate to mitigate an alleged violation penalty fee. Defendants contend that such information is not generally available to the public and disclosure to the public could result in mass abuse of the existing toll collection systems in Orange County.

Additionally, this case may involve discovery regarding Defendants', including without limitation 3M Company's ("3M"), valuable confidential and trade secret business and technological information. In particular, this discovery may involve discovery regarding confidential software owned by 3M.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over the confidentiality of discovery materials, to adequately

protect information that the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this action. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

To provide sufficient protection for the types of information discussed above, the Parties further agree to request to file all of the information specified herein under seal.

Plaintiffs contend Defendants have mismanaged the personal information of class members to date, and by entering into this Stipulation, do not agree that any of the claims of the class members are waived or impaired in any way, except that the Plaintiffs agree that regardless of whether the disclosure of their personally identifiable information would otherwise be a violation of Streets & Highways Code § 31490, Plaintiffs will not assert in this litigation or any future litigation that the exchange, transmission or provision of any materials, information, or data containing their personally identifiable information that is exchanged, transmitted, or provided pursuant to this Amended Stipulated Protective Order is a violation of Streets & Highways Code § 31490. For the avoidance of doubt, neither the Plaintiffs nor the Defendants adopt any of the factual or legal assertions, assumptions, characterizations, or positions asserted by the opposing party in the foregoing good cause section of this Stipulation for the purposes of this litigation. In opposing a prior motion for judgment on the pleadings, Plaintiffs suggested that the original stipulated protective order was inconsistent with a motion for partial summary judgment regarding Streets & Highways Code § 31490. (*See* Dkt. No. 167 at 12.) Each party now expressly agrees that nothing in this Amended

AMENDED STIPULATED PROTECTIVE ORDER

Stipulated Protective Order shall be construed as a concession of liability or agreement to any legal proposition. Each party fully reserves its rights to contest any such factual or legal assertions, assumptions, characterizations, or asserted positions in proceedings unrelated to this Amended Stipulated Protective Order.

The parties do not, by entering into this Amended Stipulated Protective Order, concede that any discovery is reasonable or appropriate. The parties reserve all of their rights to object to discovery on any basis.

## III.   DEFINITIONS

1.     **Action**: the pending consolidated federal lawsuit entitled *In re: Toll Roads Litigation, Penny Davidi Borsuk, et al. v. Foothill/Eastern Transportation Corridor Agency, et al.*, U.S. District Court for the Central District of California Case No. 8:16-cv-00262 AG (JCGx).

2.     **Challenging Party**:  a Party or Non-Party who challenges the designation of information or items under this Order.

3.     **"CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in section II.

4.     **Counsel**:  Outside Counsel of Record and House Counsel (as well as their support staff).

5.     **Defendants:**  the Defendants in this Action are Foothill/Eastern Transportation Corridor Agency, San Joaquin Hills Transportation Corridor Agency, Orange County Transportation Authority, 3M Company, BRiC-TPS LLC, Rhonda Reardon, Michael Kraman, Craig Young, Scott Schoeffel, Ross Chun, Darrel Johnson, Lori Donchak, William P. Duffy, and Cofiroute USA, LLC.

6.     **Designating Party**:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY."

AMENDED STIPULATED PROTECTIVE ORDER

7. **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

8. **Expert(s)**: a person or persons with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel to serve as an expert witness or as a consultant in this Action.

9. **House Counsel**: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

10. **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

11. **Outside Counsel of Record**: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

12. **Party**: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs).

13. **Plaintiffs**: the Plaintiffs in this Action are Penny Davidi Borsuk, David Coulter, Ebrahim E. Mahda, Todd Quarles, Todd Carpenter, Lori Myers, Dan Golka, and James Watkins.

14. **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

15. **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

16. **Protected Material**: any Disclosure or Discovery Material that is

AMENDED STIPULATED PROTECTIVE ORDER

49704048.v8

designated as "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY."

17.   **Receiving Party**:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## IV.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined in Section III(15), above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  This Amended Stipulated Protective Order is intended to supplement and provide additional protections beyond the Court's standing protective order.

## V.   DURATION

Even after Final Disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final Disposition of this Action shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  With respect to any Protected Material retained by Counsel, including, but not limited to, archival copies of pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, this Order shall remain in full force in effect for as long as those materials are retained by Counsel.

49704048.v8

## VI.   DESIGNATING PROTECTED MATERIAL

### A.   Exercise of Restraint and Care in Designating Material for Protection

Each Party or Non-Party that designates information or items for protections under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for a clearly improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

### B.   Manner and Timing of Designations

Except as otherwise provided in this Order (see, e.g., second paragraph of Section VI(B)(1), below), or as otherwise stipulated or ordered, Disclosure or Discovery material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

1.   For information in documentary form (e.g., paper or electronic documents, excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix (at a minimum) the demarcation "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" (hereafter,

"CONFIDENTIAL mark"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party must also clearly identify the protected portion(s) by making appropriate markings in the margins.

2. For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record and all associated protected testimony, before the close of the deposition.

3. For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL" mark. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

## C. Inadvertent Failures to Designate

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

### A. Timing of Challenges

Any Party or Non-Party may challenge designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

### B. Meet and Confer

The Challenging Party shall initiate the dispute resolution process outlined in Civil Local Rule 37.1, *et seq*.

AMENDED STIPULATED PROTECTIVE ORDER

## C.  Burden of Persuasion

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or to impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL

### A.  Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section XIV, below (FINAL DISPOSITION).

Protected material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### B.  Disclosure of "CONFIDENTIAL" Information or Items

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1.  The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

2.  The officers, directors, and employees (including House Counsel) of

AMENDED STIPULATED PROTECTIVE ORDER

49704048.v8

the Receiving Party to whom disclosure is reasonably necessary for this Action;

3.　　Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A hereto);

4.　　The Court and its personnel;

5.　　Court reporters and their staff;

6.　　Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A hereto);

7.　　The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

8.　　During their depositions, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary, provided that (a) the deposing party requests that the witness sign the "Acknowledgement and Agreement to Be Bound" attached as Exhibit A hereto; and (b) the witness will not be permitted to keep any documents or information that is designated "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY," unless agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material shall be separately bound by the court reporter and shall not be disclosed to anyone except as permitted under this Amended Stipulated Protective Order; and

9.　　Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, insofar as it is reasonably necessary for the mediator or settlement officer to conduct mediation or settlement negotiations.

AMENDED STIPULATED PROTECTIVE ORDER
49704048.v8

## IX.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels the disclosure of any information or items designated in this Action as "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY," that Party must:

1.  Promptly notify in writing the Designating Party, within 5 days of receipt of the subpoena or court order.  Such notification shall include a copy of the subpoena or court order;

2.  Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Amended Stipulated Protective Order; and

3.  Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order in the other litigation, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's written permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X.  NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

1.  The terms of this Order are applicable, among other things, to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY."  Such information

produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

2. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information that is in the Party's possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, the Party shall:

    1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2. Promptly provide the Non-Party with a copy of the Amended Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3. Make the information requested available for the Non-Party's inspection, if the Non-Party requests.

3. If the Party in whose possession the Non-Party's confidential information is held does not have a confidentiality agreement with the Non-Party, this Amended Stipulated Protective Order shall provide sufficient protection for all personally identifiable information (as defined in California Streets & Highways Code § 31490(o)) of a Non-Party.

4. If the Non-Party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court on the Non-Party's request for a protective order.

AMENDED STIPULATED PROTECTIVE ORDER

Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court for its Protected Material.

## XI.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance contrary to the provisions of this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s); (b) use its reasonable efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order; and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XII.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection from disclosure, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rules of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement into this Amended Stipulated Protective Order and submit such amendment of this Amended Stipulated Protective Order to the Court.

AMENDED STIPULATED PROTECTIVE ORDER
49704048.v8

# XIII.  MISCELLANEOUS

## A.  Right to Further Relief

Nothing in this Order abridges the right of any person or Party to seek modification of this Order by the Court in the future.

## B.  Right to Assert Other Objections

By stipulating the entry of this Amended Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Amended Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any material covered by this Amended Stipulated Protective Order.

## C.  Filing Protected Material

A Party seeking to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then Receiving Party must seek written permission of the Producing Party to file the information in the public record, unless otherwise instructed by the Court.

## D.  Production of "CONFIDENTIAL" Information or Other Items Related to Plaintiffs

To the extent that Plaintiffs request Protected Material from any Party concerning Plaintiffs or Plaintiffs' property through a Request for Production, Interrogatory, or Request for Admission, Plaintiffs hereby consent to the production and disclosure of any Protected Material by the Responding Party, regardless of form or content, to all the Parties to this Action and the Court, in each case subject to the same being held and treated in accordance with the terms of this Order as information designated "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY".

49704048.v8

## XIV.  FINAL DISPOSITION

Except with respect to any Protected Material that has been disclosed in accordance with the provisions of this Order on terms and conditions, consistent with this Order, that make it impracticable to do so, or information that is publicly available otherwise, after the Final Disposition of this Action, as defined in Section V of this Amended Stipulated Protective Order, within sixty days (60) of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day (60) deadline. The written certification must (a) identify (by category, where appropriate) all the Protected Material that was returned or destroyed, and (b) affirm that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order for as long as they exist.

## XV.  VIOLATIONS

Any violation of this Order may be punished by any and all appropriate remedies at law or equity, including, but not limited to, contempt proceedings and/or sanctions, in each case in accordance with and subject to provisions of law applicable thereto

AMENDED STIPULATED PROTECTIVE ORDER

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| Date: May 5, 2017 | NOSSAMAN LLP<br>E. GEORGE JOSEPH<br>BENJAMIN Z. RUBIN<br>ASHLEY J. REMILLARD<br><br>By: /s/ Benjamin Z. Rubin<br>　　　　Benjamin Z. Rubin<br><br>Attorneys for Defendants<br>FOOTHILL/EASTERN<br>TRANSPORTATION CORRIDOR<br>AGENCY; SAN JOAQUIN HILLS<br>TRANSPORTATION CORRIDOR<br>AGENCY; RHONDA REARDON;<br>MICHAEL KRAMAN; CRAIG<br>YOUNG; SCOTT SCHOEFFEL;<br>AND ROSS CHUN |
|---|---|
| Date: May 5, 2017 | WOODRUFF, SPRADLIN & SMART<br>M. LOIS BOBAK<br><br>By: /s/ M. Lois Bobak<br>　　　　M. Lois Bobak<br><br>Attorneys for Defendants<br>ORANGE COUNTY<br>TRANSPORTATION AUTHORITY,<br>LORI DONCHAK, AND DARRELL<br>JOHNSON |

AMENDED STIPULATED PROTECTIVE ORDER

49704048.v8

| | |
|---|---|
| Date:    May 5, 2017 | ROPERS, MAJESKI, KOHN & BENTLEY<br>STEPHEN J. ERIGERO<br>TIMOTHY J. LEPORE<br><br>By:  /s/ Timothy J. Lepore_____<br>        Timothy J. Lepore<br><br>Attorneys for Defendants<br>BRIC-TPS LLC and WILLIAM P. DUFFY |
| Date:    May 5, 2017 | FAGRE BAKER DANIELS LLP<br>TARIFA B. LADDON<br>AARON D. VAN OORT<br><br>By:  /s/ Aaron D. Van Oort_____<br>        Aaron D. Van Oort<br><br>Attorneys for Defendants<br>3M COMPANY |
| Date:    May 5, 2017 | ZELDES HAEGGQUIST & ECK, LLP<br>HELEN I. ZELDES<br><br>By:  /s/ Helen I. Zeldes_____<br>        Helen I. Zeldes<br><br>*Interim Co-Lead Class Counsel* |
| Date:    May 5, 2017 | LINDEMANN LAW FIRM, APC<br>BLAKE J. LINDEMANN<br><br>By:  /s/ Blake J. Lindemann_____<br>        Blake J. Lindemann<br><br>*Interim Co-Lead Class Counsel* |

AMENDED STIPULATED PROTECTIVE ORDER

49704048.v8

| | |
|---|---|
| Date: May 5, 2017 | CUNEO GILBERT & LADUCA LLP<br>MICHAEL J. FLANNERY<br><br>By: /s/ Michael J. Flannery<br>      Michael J. Flannery<br><br>*Interim Co-Lead Class Counsel* |
| Date: May 5, 2017 | <br><br>By: Ken Steelman<br>      Ken Steelman<br><br>Attorneys for Defendant<br>COFIROUTE USA, LLC |

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Date:    May 10, 2017            By: _____

                        Jay C. Gandhi

                    U.S. Magistrate Judge

AMENDED STIPULATED PROTECTIVE ORDER

49704048.v8

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare that I

have read in its entirety and understand the Amended Stipulated Protective Order

that was issued by the United States District Court for the Central District of

California on _____ [date] in the matter of *In re: Toll Roads

Litigation, Penny Davidi Borsuk, et al. v. Foothill/Eastern Transportation

Corridor Agency, et al.*, U.S. District Court C.D. C.A. Case No. 8:16-cv-00262 AG

(JCGx).  I agree to comply with and to be bound by all terms of the Amended

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I

also understand and acknowledge that the Parties to the above-referenced action

may have legal remedies available to them against me for failure to comply with

the Stipulated Protective Order.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to the Amended Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of the Amended Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purposes of enforcing the terms

of the Stipulated Protective Order, even if such enforcement proceedings occur

after the termination of the above-referenced action.  I hereby appoint _____

_____ [print or type full name] of _____

_____ [print or type full address and

phone number] as my California agent for service of process in connection with the

above referenced action or any proceedings related to enforcement of the Amended

Stipulated Protective Order.

AMENDED STIPULATED PROTECTIVE ORDER

49704048.v8

1        //

2   Date: _____

3

4   At: _____

5            [City and State Where Sworn and Signed]

6

7

8   Printed Name: _____

9

10  Signature: _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED STIPULATED PROTECTIVE ORDER
49704048.v8

# SIGNATURE CERTIFICATION

Pursuant to L.R. 5-4.3.4, I hereby certify that the content of this document is acceptable to all counsel listed on the signature page, and that I have obtained each counsel's authorization to attach their respective electronic signatures to this document.

By: /s/ Blake J. Lindemann
Blake J. Lindemann