1  NOSSAMAN LLP
   E. GEORGE JOSEPH (SBN 110797)
2  gjoseph@nossaman.com
   BENJAMIN Z. RUBIN (SBN 249630)
3  brubin@nossaman.com
   ASHLEY J. REMILLARD (SBN 252374)
4  aremillard@nossaman.com
   STEPHANIE N. CLARK (SBN 299657)
5  sclark@nossaman.com
   18101 Von Karman Avenue, Suite 1800
6  Irvine, CA  92612
   Telephone:  949.833.7800
7  Facsimile:  949.833.7878

8  ATTORNEYS FOR DEFENDANTS
   FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY, SAN
9  JOAQUIN HILLS TRANSPORTATION CORRIDOR AGENCY; RHONDA
   REARDON; MICHAEL KRAMAN; CRAIG YOUNG; SCOTT SCHOEFFEL;
10 and ROSS CHUN

11              UNITED STATES DISTRICT COURT

12         CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| IN RE: TOLL ROADS LITIGATION | Case No: 8:16-cv-00262 AG (JCGx) |
| | **SECOND AMENDED STIPULATED PROTECTIVE ORDER** |
| PENNY DAVIDI BORSUK; DAVID COULTER; EBRAHIM E. MAHDA; TODD QUARLES; TODD CARPENTER; LORI MYERS; DAN GOLKA; and JAMES WATKINS on Behalf of Themselves and All Others Similarly Situated, | |
| Plaintiffs, | |
| vs. | |
| FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY; SAN JOAQUIN HILLS TRANSPORTATION CORRIDOR AGENCY; ORANGE COUNTY TRANSPORTATION AUTHORITY; 3M COMPANY; BRiC-TPS LLC; RHONDA REARDON; MICHAEL KRAMAN; CRAIG YOUNG; SCOTT SCHOEFFEL; ROSS CHUN; DARRELL JOHNSON; LORI DONCHAK; WILLIAM P. DUFFY; COFIROUTE USA, LLC; and DOES 3-10, inclusive, | Complaint Served: Jan. 15, 2016<br>Removed: Feb. 16, 2016 |
| Defendants. | |

1. **PURPOSE AND LIMITS OF THIS ORDER.**

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Second Amended Stipulated Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. Specifically, this Order provides protections for material including personally-identifiable information ("PII") of (i) drivers who drove on the toll roads in Orange County, California (State Routes 91, 73, 133, 241, or 261), (ii) individuals and entities that own or owned vehicles that drove on the toll roads in Orange County, California, (iii) individuals and entities who have an account with the Orange County Transportation Authority, Foothill/Eastern Transportation Corridor Agency, San Joaquin Hills Transportation Corridor Agency, or another toll agency in California, and (iv) individuals and entities that provided information to the Orange County Transportation Authority, Foothill/Eastern Transportation Corridor Agency, San Joaquin Hills Transportation Corridor Agency, or their respective designated agents. Any materials previously produced and designated as "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" pursuant to any prior protective orders entered in this case shall be treated as material designated "CONFIDENTIAL" pursuant to this Second Amended Protective Order and treatment of such material shall be in compliance with the terms of this Order. However, to the extent a non-party has already executed an agreement to be bound by a prior protective order in this action, that non-party shall not be required to execute an Agreement to Be Bound (Exhibit A) as a result of the entry of this Second Amended Protective Order. Instead, the non-party shall be deemed to have executed An Agreement to Be Bound (Exhibit A), and shall be subject to the terms of this Amended Protective

Order, which shall be provided to the non-party. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

## 2. DESIGNATING PROTECTED MATERIAL.

### 2.1 Over-Designation Prohibited.

Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm, and/or could expose the producing party to potential civil or criminal liability under local, state, federal, or international law. Material may not be produced under this Protective Order to the extent it relates to any past or ongoing criminal or grand jury investigation. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**2.2 Manner and Timing of Designations.**

Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 60 days from the deposition or proceeding to make its designation.

**2.2.1** A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as CONFIDENTIAL. After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

**2.2.2** Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 60-day period for designation shall be treated during that period as if it had been


3
SECOND AMENDED STIPULATED PROTECTIVE ORDER
56337399.v1

designated CONFIDENTIAL unless otherwise agreed. After the expiration of the 60-day period, the transcript shall be treated only as actually designated.

### 2.3 Inadvertent Failures to Designate.

An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

## 3. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

## 4. ACCESS TO DESIGNATED MATERIAL.

### 4.1 Basic Principles.

A receiving party may use designated material only for this litigation. "Receiving party" as used in this Section refers to all parties to this action who may receive designated material as the result of all discovery in this litigation being served on all parties. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order for purposes related to this litigation.

### 4.2 Disclosure of CONFIDENTIAL Material Without Further Approval.

Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

**4.2.1** The receiving party's counsel of record in this action and employees of said counsel of record to whom disclosure is reasonably necessary;

**4.2.2** The officers, directors, in-house counsel, and employees of the receiving party to whom disclosure is reasonably necessary;
4

SECOND AMENDED STIPULATED PROTECTIVE ORDER

56337399.v1

**4.2.3** Experts retained by the receiving party's counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.4** Third Parties who are the purported source of the designated information, only to the extent disclosure is reasonably necessary to verify the source of the information, and only if the third party source has signed the Agreement to Be Bound (Exhibit A);

**4.2.5** The Court and its personnel;

**4.2.6** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.7** During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

**4.2.8** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**5. PROSECUTION BAR RELATED TO CONFIDENTIAL INFORMATION AND PRODUCTION OF PII IN THIS CASE.**

Plaintiffs contend Defendants have mismanaged the PII of Plaintiffs and putative class members and seek discovery about the use and dissemination of putative class members' PII. Defendants have stated concerns that producing documents pursuant to discovery in this action under the Federal Rules of Civil Procedure may subject them to liability including under *California Streets & Highways Code* Section 31490. Plaintiffs agree that Defendants may redact from any document or data produced in response to a discovery request the PII of putative class members. Upon entry of this Order, Defendants shall make reasonable efforts to redact from documents to be produced in discovery in this action PII of putative class members, but not evidence that PII was provided to

5

SECOND AMENDED STIPULATED PROTECTIVE ORDER

56337399.v1

third parties, unless otherwise agreed to by the Parties. By entering into this Stipulation, Plaintiffs will not assert in this litigation or any future litigation that the provision of any materials, information, or data containing their own or putative class members' PII that is provided by Defendants to Plaintiffs pursuant to this Second Amended Stipulated Protective Order or a prior protective order in this case, is a violation of *California Streets & Highways Code* Section 31490. Notwithstanding this stipulation, the Defendants' providing of PII to anyone other than those authorized by this or a prior protective order will not impact any claims or entitlement to equitable and injunctive relief of the Plaintiffs or the putative class members based on the Defendants having provided PII to any other third party. Nothing in this Second Amended Protective Order shall be deemed to waive, limit or restrict the right of any party hereto to assert or maintain any objection to or obtain a protective order regarding a specific discovery request.

## 6. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

### 6.1 Subpoenas and Court Orders.

This Order in no way excuses noncompliance with a lawful subpoena or court order issued in other litigation. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

### 6.2 Notification Requirement.

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, and if the party is not the designator, that party must:

**6.2.1** Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

**6.2.2** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

**6.2.3** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**6.3  Wait For Resolution of Protective Order.**

If the designator timely seeks a protective order, the party served with the subpoena or court order in other litigation shall not produce any information that was or is designated in this action as CONFIDENTIAL before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**7.  UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL.**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

**8.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.**

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in

an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

## 9. FILING UNDER SEAL.

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5.1. To avoid unnecessary requests to file under seal, a party seeking to use or file any designated material in a public filing shall first confer with the designator, identifying the specific items to be used or filed. With the designator's written authorization, designated material may be publicly filed without requesting the Court's permission to file under seal.

Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a receiving party's request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the receiving party may file the material in the public record unless (1) the designator seeks reconsideration within four (4) days of the denial, or (2) as otherwise instructed by the Court.

## 10. FINAL DISPOSITION.

Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by

8

SECOND AMENDED STIPULATED PROTECTIVE ORDER

56337399.v1

category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD, SUBJECT TO THE COURT'S APPROVAL.

Date: January 30, 2018

NOSSAMAN LLP
E. GEORGE JOSEPH
BENJAMIN Z. RUBIN
ASHLEY J. REMILLARD

By: /s/ Benjamin Z. Rubin
Benjamin Z. Rubin

Attorneys for Defendants
FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY; SAN JOAQUIN HILLS TRANSPORTATION CORRIDOR AGENCY; RHONDA REARDON; MICHAEL KRAMAN; CRAIG YOUNG; SCOTT SCHOEFFEL; and ROSS CHUN

Date: January 30, 2018

WOODRUFF, SPRADLIN & SMART
M. LOIS BOBAK

By: /s/ M. Lois Bobak
M. Lois Bobak

Attorneys for Defendants
ORANGE COUNTY TRANSPORTATION AUTHORITY, LORI DONCHAK, and DARRELL JOHNSON

| | |
|---|---|
| Date: January 30, 2018 | ROPERS, MAJESKI, KOHN & BENTLEY<br>STEPHEN J. ERIGERO<br>TIMOTHY J. LEPORE<br><br>By: /s/ Timothy J. Lepore<br>　　　Timothy J. Lepore<br><br>Attorneys for Defendants<br>BRIC-TPS LLC and WILLIAM P. DUFFY |
| Date: January 30, 2018 | FAGRE BAKER DANIELS LLP<br>TARIFA B. LADDON<br>AARON D. VAN OORT<br>NATE BRENNAMAN<br><br>By: /s/ Nate Brennaman<br>　　　Nate Brennaman<br><br>Attorneys for Defendants<br>3M COMPANY |
| Date: January 30, 2018 | COAST LAW GROUP<br>HELEN I. ZELDES<br><br>By: /s/ Helen I. Zeldes<br>　　　Helen I. Zeldes<br><br>*Interim Co-Lead Class Counsel* |
| Date: January 30, 2018 | LINDEMANN LAW FIRM, APC<br>BLAKE J. LINDEMANN<br><br>By: /s/ Blake J. Lindemann<br>　　　Blake J. Lindemann<br><br>*Interim Co-Lead Class Counsel* |

| | |
|---|---|
| Date: January 30, 2018 | CUNEO GILBERT & LADUCA LLP<br>MICHAEL J. FLANNERY<br><br>By: /s/ Michael J. Flannery<br>    Michael J. Flannery<br><br>*Interim Co-Lead Class Counsel* |
| Date: January 30, 2018 | COFIROUTE USA, LLC<br>KEN E. STEELMAN<br><br>By: /s/ Ken Steelman<br>    Ken Steelman<br><br>Attorneys for Defendant<br>COFIROUTE USA, LLC |

11
SECOND AMENDED STIPULATED PROTECTIVE ORDER

56337399.v1

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Date: February 5, 2018          By: _____
                                     Magistrate
                                United States ~~District~~ Judge,
                                Hon. ~~Andrew J. Guilford~~
                                     Jay C. Gandhi

---
SECOND AMENDED STIPULATED PROTECTIVE ORDER

56337399.v1

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare that I have read in its entirety and understand the Second Amended Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the matter of *In re: Toll Roads Litigation, Penny Davidi Borsuk, et al. v. Foothill/Eastern Transportation Corridor Agency, et al.*, U.S. District Court C.D. C.A. Case No. 8:16-cv-00262 AG (JCGx). I agree to comply with and to be bound by all terms of the Second Amended Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I also understand and acknowledge that the Parties to the above-referenced action may have legal remedies available to them against me for failure to comply with the Second Amended Stipulated Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Second Amended Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Second Amended Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purposes of enforcing the terms of the Second Amended Stipulated Protective Order, even if such enforcement proceedings occur after the termination of the above-referenced action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and phone number] as my California agent for service of

process in connection with the above referenced action or any proceedings related to enforcement of the Second Amended Stipulated Protective Order.

Date: _____

At: _____
[City and State Where Sworn and Signed]


Printed Name: _____

Signature: _____

**SIGNATURE CERTIFICATION**

Pursuant to U.S. District Court for the Central District of California Local rule 5-4.3.4(a)(2)(i), I hereby attest and certify that the content of this document is acceptable to all counsel listed above, and that I have obtained said counsel's authorization to affix their electronic signatures to this document.

        /s/ Benjamin Z. Rubin

          Benjamin Z. Rubin

## PROOF OF SERVICE

The undersigned declares:

I am employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within action; my business address is c/o Nossaman LLP, 18101 Von Karman Avenue, Suite 1800, Irvine, CA 92612.

On January 30, 2018, I served the following documents: Second Amended Stipulated Protective Order on parties to the within action as follows:

☐ (By U.S. Mail) On the same date, at my said place of business, Copy enclosed in a sealed envelope, addressed as shown on the attached service list was placed for collection and mailing following the usual business practice of my said employer. I am readily familiar with my said employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service, and, pursuant to that practice, the correspondence would be deposited with the United States Postal Service, with postage thereon fully prepaid, on the same date at Irvine, California.

☐ (By Overnight Service) I served a true and correct copy by overnight delivery service for delivery on the next business day. Each copy was enclosed in an envelope or package designated by the express service carrier; deposited in a facility regularly maintained by the express service carrier or delivered to a courier or driver authorized to receive documents on its behalf; with delivery fees paid or provided for; addressed as shown on the accompanying service list.

☒ (By Electronic Service) By emailing true and correct copies to the persons at the electronic notification address(es) shown on the accompanying service list. The document(s) was/were served electronically and the transmission was reported as complete and without error.

Executed on January 30, 2018.

☒ (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Stephanie N. Clark

Stephanie N. Clark

5
PROOF OF SERVICE
56337399.v1

## SERVICE LIST

| | |
|---|---|
| Blake J. Lindemann, Esq.<br>LINDEMANN LAW FIRM, APC<br>433 N. Camden Drive, 4th Floor<br>Beverly Hills, CA 90210<br>Telephone: (310) 279-5269<br>Facsimile: (310) 300-0267<br>Email: blake@lawbl.com<br><br>Attorneys for Plaintiffs and the Class | M. Lois Bobak, Esq.<br>WOODRUFF, SPRADLIN & SMART, APC<br>555 Anton Boulevard, Suite 1200<br>Costa Mesa, CA 92626<br>Telephone: (714) 558-7000<br>Facsimile: (714) 835-7787<br>Email: lbobak@wss-law.com<br><br>Attorneys for Defendants Orange County Transportation Authority and Darrell Johnson |
| Helen I. Zeldes, Esq.<br>COAST LAW GROUP<br>1140 S. Coast Highway 101<br>Encinitas, CA 92024-5003<br>Telephone: (760) 942-8505<br>Email: helen@coastlaw.com<br>ben@coastlawgroup.com<br>andy@coastlawgroup.com<br><br>Attorneys for Plaintiffs and the Class | Alreen Haeggquist, Esq.<br>Aaron M. Olsen, Esq.<br>HAEGGQUIST & ECK, LLP<br>225 Broadway, Suite 2050<br>San Diego, CA 92101<br>Telephone: (619) 342-8000<br>Facsimile: (619) 342-7878<br>Email: alreenh@zhlaw.com<br>Email: aarono@haelaw.com<br><br>Attorneys for Plaintiffs Todd Quarles, Todd Carpenter and Lori Myers |

6
PROOF OF SERVICE
56337399.v1

| | | |
|---|---|---|
| 1 | Aaron D. Van Oort, Esq. | Stephen J. Erigero, Esq. |
| 2 | Nate Brennaman, Esq. | Timothy J. Lepore, Esq. |
| 3 | Tyler A. Young, Esq.<br>FAEGRE BAKER DANIELS LLP | ROPERS MAJESKI KOHN &<br>BENTLEY, PC |
| 4 | 2200 Wells Fargo Center<br>90 South Seventh Street | 445 South Figueroa Street, Suite 3000<br>Los Angeles, CA 90071 |
| 5 | Minneapolis, MN 55402 | Telephone: (213) 312-2000 |
| 6 | Telephone: (612) 766-7000<br>Facsimile: (612) 766-1600 | Facsimile: (213) 312-2001<br>Email: stephen.erigero@rmkb.com |
| 7 | Email: nate.brennaman@faegrebd.com | Email: timothy.lepore@rmkb.com |
| 8 | Email: aaron.vanoort@faegrebd.com<br>Email: tyler.young@faegrebd.com | Email:tahereh.mahmoudian@rmkb.com |
| 9 | Email: cicely.miltich@faegrebd.com | Attorneys for BRiC-TPS LLC and |
| 10 | Attorneys for 3M Company | William P. Duffy |
| 11 | | |
| 12 | Ken E. Steelman, Esq. | David F. Brown, Esq. |
| 13 | COFIROUTE USA, LLC<br>200 Spectrum Center Drive, Suite 1650 | CORBETT STEELMAN AND<br>SPECTER |
| 14 | Irvine, CA 92618 | 18200 Von Karman Avenue, Suite 825 |
| 15 | Telephone: (949) 754-0198<br>Facsimile: (949) 754-0199 | Irvine, CA 92612-7148<br>Telephone: (949) 553-9266 |
| 16 | Email: ksteelman@cofirouteusa.com | Facsimile: (949) 553-8454<br>Email: dbrown@corbsteel.com |
| 17 | Attorneys for Cofiroute USA, LLC | |
| 18 | | Attorneys for Cofiroute USA, LLC |
| 19 | Michael McShane, Esq. | Aaron Dolgin, Esq. |
| 20 | S. Clinton Woods, Esq. | AARON DOLGIN LAW OFFICES |
| 21 | AUDET & PARTNERS, LLP<br>711 Van Ness Ave., Suite 500 | 19831 Redwing Street<br>Woodland Hills, CA 91364 |
| 22 | San Francisco, CA 94102 | Telephone: (818) 515-0573 |
| 23 | Telephone: (415) 568-2555<br>Facsimile: (415) 568-2556 | Email: dolgin1@juno.com |
| 24 | Email: mmcshane@audetlaw.com | Attorneys for Plaintiffs and the Class |
| 25 | Email: cwoods@audetlaw.com | |
| 26 | Attorneys for Plaintiffs and the Class | |
| 27 | | |
| 28 | | |

56337399.v1

| | |
|---|---|
| 1 | Michael J. Flannery, Esq. |
| 2 | CUNEO GILBERT & LADUCA LLP |
|   | 7733 Forsyth Boulevard, Suite 1675 |
| 3 | St. Louis, MO 63105 |
| 4 | Telephone: (314) 226-1015 |
|   | Facsimile: (202) 789-1813 |
| 5 | Email: mflannery@cuneolaw.com |
| 6 | |
|   | Attorneys for Plaintiffs and the Class |