1 M. LOIS BOBAK - State Bar No. 127540
lbobak@wss-law.com
2 PATRICK M. DESMOND - STATE BAR NO. 215029
pdesmond@wss-law.com
3 WOODRUFF, SPRADLIN & SMART, APC
555 Anton Boulevard, Suite 1200
4 Costa Mesa, California 92626-7670
Telephone: (714) 558-7000
5 Facsimile: (714) 835-7787

6 Attorneys for
Defendants, ORANGE COUNTY TRANSPORTATION AUTHORITY, DARRELL
7 JOHNSON and LORI DONCHAK

8 DAVID F. BROWN – State Bar No. 100391
dbrown@corbsteel.com
9 CORBETT, STEELMAN & SPECTER
18200 Von Karman Ave., Suite 825
10 Irvine, California 92612-7148
Telephone: (949) 553-9266
11 Facsimile: (949) 419-1187

12 Attorneys for Defendant
COFIROUTE USA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TOLL ROADS LITIGATION<br>PENNY DAVIDI BORSUK; DAVID COULTER; EBRAHIM E. MAHDA; TODD QUARLES; TODD CARPENTER; LORI MYERS; DAN GOLKA; and JAMES WATKINS on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY; SAN JOAQUIN HILLS TRANSPORTATION CORRIDOR AGENCY; ORANGE COUNTY TRANSPORTATION AUTHORITY; 3M COMPANY; BRiC-TPS LLC; RHONDA REARDON; MICHAEL KRAMAN; CRAIG YOUNG; SCOTT SCHOEFFEL; ROSS CHUN; DARRELL JOHNSON; LORI DONCHAK; WILLIAM P. DUFFY; | CASE NO.: 8:16-CV-00262-AG(JCGx)<br><br>BEFORE THE HONORABLE ANDREW J. GUILFORD<br><br>**OCTA AND COFIROUTE'S REQUEST THAT THE COURT RELEASE ITS TENTATIVE RULING ON FIVE ISSUES RAISED IN DEFENDANTS' JOINT MOTION TO DECIDE KEY QUESTIONS**<br><br>HEARING DATES PENDING:<br>Type: Defendants' Joint Motion to To Decide Key Questions<br>Date: October 28, 2019<br>Time: 10:00 a.m.<br>Courtroom: 10-D |

1

1436394.1

| | |
|---|---|
| 1 | COFIROUTE SR 91 CORP; |
| | COFIROUTE CORPORATION; and |
| 2 | DOES 3-10, inclusive, |
| 3 | Defendants. |

During the August 26, 2019 hearing on Defendant's Joint Motion for Order to Decide Key Questions and Certify them for Appeal [the "Joint Motion," Dkt. 520], the Court invited Defendants Orange County Transportation Authority ("OCTA") and Cofiroute USA LLC ("Cofiroute") to file a request to have discrete portions of the tentative ruling on the Joint Motion released now, rather than waiting for the October 28, 2019, continued hearing on the Joint Motion.

Prior to the filing of this request, counsel for OCTA and Cofiroute telephonically met and conferred with counsel for all other parties in an attempt to reach agreement on what, if any, impact the release of the tentative ruling on the issues affecting OCTA and Cofiroute might have on the settlement between Plaintiffs and Defendant 3-M and the tentative settlement between Plaintiffs and the TCA Defendants, which includes TCA's contractor BRiC. Counsel for 3M confirmed that 3M's settlement will not be impacted by the release of the tentative ruling, and that they will proceed with a request for Court approval of the settlement regardless of the ultimate outcome of the Joint Motion.

As discussed more fully below, counsel for Plaintiffs and the TCA Defendants disagreed on how the release of the tentative ruling on the OCTA/Cofiroute issues might impact their tentative settlement. Plaintiffs indicated that they intend to file an opposition to the OCTA/Cofiroute request. For that reason, OCTA and Cofiroute will not attempt to characterize their objections. The TCA position on each issue is summarized below.

OCTA and Cofiroute request that the tentative ruling on the following five issues be released.

///

1436394.1

1. The portion of Question 1 that asks whether California Streets and Highways section 31490 ("Section 31490") permits transportation agencies to send the license plate number to the DMV each time there is a violation to get the registered owner's name and address, so the agency can send a notice of violation to "the registered owner," as required by Vehicle Code section 40254(a). OCTA and Cofiroute submit that the issuance of the tentative ruling on this issue will have, at most, a negligible impact on the TCA tentative settlement.

There is an important distinction between the DMV look-up claims asserted against OCTA and Cofiroute and the claims asserted against TCA and BRiC. As to TCA and BRiC, Plaintiffs challenge the fact that TCA includes the date of the violation with every license plate number sent to the DMV for purposes of obtaining the name and address of the registered owner of the car, whether for the first or a subsequent violation involving the license plate number. In contrast, the only DMV look-up claim asserted against OCTA and Cofiroute is the practice of querying the DMV data base for the registered owner name and address for second and subsequent violations involving the same license plate number rather than using the name and address obtained from the DMV in connection with a prior violation. Even if the second look-up claim is resolved, TCA would continue to face potential liability for every DMV look-up based on the inclusion of a violation date in the data string.[1] In other words, resolution of the second violation look-up issue resolves only one of two possible DMV look-up claims asserted against TCA, and leaves an unresolved issue for every TCA DMV look-up during the class period.

Counsel for TCA agreed that issuance of the tentative ruling on the second DMV look-up issue would likely have little to no effect on the TCA settlement because the issue involving the inclusion of the violation date would remain unresolved. TCA is

---

[1] OCTA and Cofiroute do not intend to suggest that the inclusion of a date somehow violates Section 31490, but merely to draw a distinction between the claims asserted against the different Defendants.

3

1436394.1

therefore not opposed to the issuance of the tentative ruling on the second DMV look-up issue.

However, counsel for TCA requested that the tentative ruling on issue of inclusion of the date in the data string sent to the DMV not be released.

2. Question 6, which asks whether Section 31490 permits transportation agencies to send to a car rental company the information required to be included in a toll violation notice when a vehicle owned by that car rental company incurs a toll violation, as required by Vehicle Code section 40254(a). This claim is asserted against OCTA, Cofiroute and the TCA Defendants. Counsel for TCA stated that while this issue affects both OCTA and TCA, it was not a significant part of TCA's settlement analysis, is only a very small part of the claim against TCA, and will likely have no impact on the settlement process.

3. Question 7, which asks whether Section 31490 permits transportation agencies to send a toll evader's PII to a collection agency for the purpose of collecting tolls and penalties, as authorized by Vehicle Code section 40267(d). Counsel for TCA stated that issuance of the tentative ruling on this issue would likely have no impact on the TCA settlement.

4. Question 8, which asks whether Section 31490 permits a transportation agency to send to another transportation agency the date and time, toll plaza, and lane of that other agency's accountholder's use of its toll road for purposes of interoperability, as authorized by Streets & Highways Code section 27565(a)(2) and required by the CTOC interoperability specifications. This claim is asserted against both OCTA and Cofiroute and the TCA Defendants. Counsel for TCA stated that the issuance of the tentative ruling on this issue could help, rather than hinder, the likelihood of approval of the proposed settlement by the TCA governing boards because the biggest obstacle to approval of the settlement could be the uncertainty of potential future liability to a future class of plaintiffs arising out of interoperability practices. This is particularly true regarding interoperability since no single transportation agency can

unilaterally change or decide not to comply with the CTOC standards.

5. OCTA and Cofiroute also request that the Court release its tentative ruling on that portion of the Joint Motion that seeks certification for interlocutory appeal of any of the above issues that the Court may decide against OCTA and Cofiroute, and of the Court's prior ruling that in the context of Section 31490(q), the term "knowingly" means only that the transportation agency knew it provided PII to a third party, not that the transportation agency knew that providing the PII to the third party violated the law or had an objectively reasonable belief that it did not violate the law. Certifying issues for interlocutory appeal should not have any impact on the decision of the TCA governing boards to accept or reject the tentative settlement.

Counsel for TCA agreed, noting that the TCA boards already know that absent a global settlement, the seminal issues in this case are likely to eventually be heard by the Ninth Circuit. If the TCA boards decide that they want to wait to see how the Ninth Circuit eventually rules on any of the issues in the case rather than approve the tentative settlement, they will do that regardless of whether the Court certifies any issues decided against OCTA and Cofiroute or the "knowing violation" for an interlocutory appeal or if such issues are part of a post-judgment appeal.

In addition to the foregoing, it is important to note that TCA is facing a separate issue of potential liability related to marketing claims that were not addressed in the Joint Motion. Those marketing related claims are not asserted against OCTA or Cofiroute. So regardless of the ruling on any or all of the issues raised in the Joint motion, TCA still faces potential liability on the alleged marketing claims.

DATED: September 11, 2019        WOODRUFF, SPRADLIN & SMART, APC

By: *s/ M. Lois Bobak*_____
  M. LOIS BOBAK
  PATRICK M. DESMOND
  Attorneys for Defendants OCTA, DARRELL JOHNSON & LORI DONCHAK

5

1436394.1

| | | |
|---|---|---|
| 1 | DATED:  September 11, 2019 | CORBETT, STEELMAN & SPECTER |

By: *s/ David F. Brown*_____
  DAVID F. BROWN
  Attorneys for Defendant COFIROUTE USA, LLC

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), the above-listed filing attorney certifies that all signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized its filing.

DATED:  September 11, 2019   WOODRUFF, SPRADLIN & SMART, APC

By: *s/ M. Lois Bobak*_____
  M. LOIS BOBAK
  PATRICK M. DESMOND
  Attorneys for Defendants OCTA, DARRELL JOHNSON & LORI DONCHAK

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action; I am employed by WOODRUFF, SPRADLIN & SMART in the County of Orange at 555 Anton Boulevard, Suite 1200, Costa Mesa, CA 92626-7670.

On September 11, 2019, I served the foregoing document(s) described as **OCTA AND COFIROUTE'S REQUEST THAT THE COURT RELEASE ITS TENTATIVE RULING ON FIVE ISSUES RAISED IN DEFENDANTS' JOINT MOTION TO DECIDE KEY QUESTIONS**

☒ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of WOODRUFF, SPRADLIN & SMART for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐ **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by _____ to receive said documents, with delivery fees provided for. I am readily familiar with the practices of WOODRUFF, SPRADLIN & SMART for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by _____ on said date in the ordinary course of business.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on September 11, 2019 at Costa Mesa, California.

*s/ Marina M. Ortega*
Marina M. Ortega

7

1436394.1

# SERVICE LIST

| | |
|---|---|
| Blake J. Lindemann, Esq.<br>Lindemann Law Firm<br>433 North Camden Drive, 4th Floor<br>Beverly Hills, CA 90210<br>Telephone: (310) 279-5269<br>Facsimile: (310) 300-0267 | Attorney for Plaintiffs PENNY DAVIDI BORSUK, JAMES WATKINS and DAVID COULTER |
| Helen I. Zeldes, Esq.<br>Ben Travis, Esq.<br>SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP<br>11543 West Olympic Blvd.<br>Los Angeles, CA 90064<br>Telephone: (760) 349-1900<br>Facsimile: (760) 349-1999 | Attorney for Plaintiffs PENNY DAVIDI BORSUK, DAVID COULTER, EBRAHIM E. MAHDA; TODD QUARLES, TODD CARPENTER, LORI MYERS, DAN GOLKA, and JAMES WATKINS |
| E. George Joseph, Esq.<br>Benjamin Z. Rubin, Esq.<br>Ashley J. Remillard, Esq.<br>Nossaman LLP<br>18101 Von Karman Avenue, Suite 1800<br>Irvine, CA 92612<br>Telephone: (949) 833-7800<br>Facsimile: (949) 833-7878 | Attorney for Defendants FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY; SAN JOAQUIN HILLS TRANSPORTATION CORRIDOR AGENCY; RHONDA REARDON; MICHAEL KRAMAN; CRAIG YOUNG; SCOTT SCHOEFFEL; and ROSS CHUN |
| Arleen Haeggquist, Esq.<br>Aaron M. Olsen, Esq.<br>Haeggquiest & Eck, LLP<br>225 Broadway, Suite 2050<br>San Diego, CA 92101<br>Telephone: (619) 342-8000<br>Facsimile: (619) 342-7878 | Attorneys for Plaintiffs TODD QUARLES, TODD CARPENTER, PENNY DAVIDI BORSUK, LORI MYERS and EBRAHIM E. MAHDA |
| Michael McShane, Esq.<br>S. Clinton Woods, Esq.<br>Audet & Partners, LLP<br>711 Van Ness Ave., Suite 500<br>San Francisco, CA 94102<br>Telephone: (415) 982-1776<br>Facsimile: (415) 576-1776 | Attorneys for Plaintiff EBRAHIM E. MAHDA |
| Michael J. Flannery, Esq.<br>Cuneo Gilbert & Laduca, LLP<br>7733 Forsyth Blvd., Suite 1675<br>Clayton, MO 63105<br>Telephone: (314) 226-1015<br>Facsimile: (202) 789-1813 | Attorneys for Plaintiff DAN GOLKA |
| Matthew Prewitt, Esq.<br>Cuneo Gilbert and LaDuca LLP<br>16 Court Street<br>Suite 1012<br>Brooklyn, NY 11241<br>Telephone: (202) 789-3960 | Attorneys for DAN GOLKA and EBRAHIM E. MAHDA |

1436394.1

| | | |
|---|---|---|
| 1 | Facsimile: (202) 789-1813 | |
| 2 | Paul L. Hoffman, Esq.<br>Schonburn Seplow, Harris & Hoffman, LLP<br>723 Ocean Front Walk, Site 100<br>Venice, CA 90291<br>Telephone: (310) 396-0731<br>Facsimile: (310) 399-7040 | Attorneys for Plaintiffs TODD QUARLES, TODD CARPENTER, PENNY DAVIDI BORSUK, LORI MYERS, and EBRAHIM E. MAHDA |
| 6 | Gail J. Higgins, Esq.<br>Higgins Law Firm<br>9663 Santa Monica Blvd., Suite 149<br>Beverly Hills, CA 90210<br>Telephone: (213) 999-2351<br>Facsimile: (310) 388-1018 | Attorneys for Plaintiffs JAMES WATKINS and DAVID COULTER |
| 9 | Aaron Dolgin, Esq.<br>Aaron Dolgin Law Offices<br>19831 Redwing Street<br>Woodland Hills, CA 91364<br>Telephone: (818) 515-0573 | Attorneys for Plaintiff DAN GOLKA and EBRAHIM E. MAHDA |
| 12 | Katherine W. Van Dyck, Esq.<br>Charles J. LaDuca, Esq.<br>CUNEO GILBERT & LADUCA, LLP<br>4725 Wisconsin Ave. NW, Suite 200<br>Washington, DC 20016<br>Telephone: (202) 789-3960<br>Facsimile: (202) 789-1813 | Attorneys for Plaintiffs EBRAHIM E. MAHDA and DAN GOLKA |
| 15 | Nate Brennaman, Esq.<br>Aaron D. Van Oort, Esq.<br>Tyler A. Young, Esq.<br>Faegre, Baker, Daniels LLP<br>90 South Seventh Street<br>2200 Wells Fargo Center<br>Minneapolis, MN 55402<br>Telephone: (612) 766-7000<br>Facsimile: (612) 766-1600 | Attorneys for 3M COMPANY and INGE G. THULIN |
| 20 | Tarifa Belle Laddon, Esq.<br>Howard D. Ruddell, Esq.<br>Faegre, Baker, Daniels LLP<br>11766 Wilshire Blvd., Suite 750<br>Los Angeles, CA 90025<br>Telephone: (310) 500-2090<br>Facsimile: (310) 500-2091 | Attorneys for 3M COMPANY and INGE G. THULIN |
| 24 | Scott W. Ditfurth, Esq.<br>Best, Best and Krieger, LLP<br>3390 University Avenue<br>Fifth Floor<br>Riverside, CA 92501<br>Telephone: (951) 686-1450<br>Facsimile: (951) 686-3083 | Attorneys for RIVERSIDE COUNTY TRANSPORTATION COMMISSION (RCTC) |

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

1436394.1

9

| | | |
|---|---|---|
| 1 | Stephen J. Erigero, Esq.<br>Timothy J. Lepore, Esq. | Attorneys for BRIC TPS LLC and WILLIAM P. DUFFY |
| 2 | Ropers, Majeski, Kohn and Bentley<br>445 South Figueroa Street, Suite 3000 | |
| 3 | Los Angeles, CA 90071<br>Telephone: (213) 312-2000 | |
| 4 | Facsimile: (213) 312-2001 | |
| 5 | Ken Steelman, Esq.<br>David Francis Brown, Esq. | Attorney for COFIROUTE USA, LLP |
| 6 | Corbett, Steelman and Specter<br>18200 Van Karman Avenue, Suite 825 | |
| 7 | Irvine, CA 92612<br>Telephone: (949) 553-9266 | |
| 8 | Facsimile: (949) 553-8454 | |
| 9 | 9/9/19 | |

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

1436394.1

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1

1436394.1