# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| IN RE: TOLL ROADS LITIGATION | Case No: 8:16-cv-00262-ODW(ADSx) |
| ──────────────────────────── | Hon. Otis D. Wright II |
| PENNY DAVIDI BORSUK; DAVID COULTER; EBRAHIM E. MADHA; TODD QUARLES; TODD CARPENTER; LORI MYERS; DAN GOLKA; and JAMES WATKINS on behalf of themselves and all others similarly situated, | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS** |
| Plaintiffs, | |
| vs. | Date: December 10, 2020 |
| FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY; SAN JOAQUIN HILLS TRANSPORTATION CORRIDOR AGENCY; ORANGE COUNTY TRANSPORTATION AUTHORITY; 3M COMPANY; BRiC-TPS LLC; RHONDA REARDON; MICHAEL KRAMAN; CRAIG YOUNG; SCOTT SCHOEFFEL; ROSS CHUN; DARRELL JOHNSON; LORI DONCHAK; COFIROUTE USA, LLC; and DOES 3-10; inclusive, | Time: 10:30 a.m. |
| | Location: Virtual |
| | Special Master: Hon. Andrew J. Guilford (ret.) |
| Defendants | |

**ORDER GRANTING PRELIMINARY APPROVAL**

On August 27, 2020, Plaintiffs and Defendants Foothill/Eastern Transportation Corridor Agency, San Joaquin Hills Transportation Corridor Agency, Michael Kraman, Craig Young, Scott Schoeffel, Ross Chun, Rhonda Reardon and BRiC-TPS, LLC (collectively "TCA") entered into a Settlement Agreement and Release ("TCA Agreement"), after two arms-length mediations, one with the assistance of mediator Robert Kaplan, and the second with mediator Rachel Ehrlich, Esq.[1] Also on August 27, 2020, Plaintiffs and Defendant 3M Company ("3M") entered into a Settlement Agreement and Release ("3M Agreement"), after two arms-length mediations with the assistance of mediator Robert Kaplan, Esq. (collectively, the TCA Agreement and the 3M Agreement will be referred to as the Agreements, and the settlements reached in those Agreements will be referred to as the Settlements).

On November 4, 2020, Plaintiffs moved this Court, pursuant to Federal Rule of Civil Procedure ("Rule") 23(e), for an order preliminarily approving the Settlements upon the terms and conditions set forth in the respective Agreements. The Motion was referred to the Special Master, Judge Andrew Guilford (ret.) (*see* ECF No. 582), and a hearing on the Motion occurred on December 10, 2020. Special Master Guilford issued a Report and Recommendation recommending granting the Motion for Preliminary Approval of the Settlements.

After carefully considering Plaintiffs' Motion for Preliminary Approval and accompanying declarations; the Agreements, including the accompanying Exhibits; Special Master Guilford's Report and Recommendation; and the applicable law, the Court finds that:

1. The proposed Settlements are fair, reasonable, and adequate, and the Court will likely be able to approve them under Rule 23(e)(2) and enter judgment on them. The proposed Settlements do not improperly grant preferential treatment to any

---

[1] Unless otherwise defined, all terms used herein have the same meanings as set forth in the Agreements.

segment of the TCA Settlement Class or the 3M Settlement Class (together, the "Settlement Classes"). The proposed Settlements are sufficient to warrant sending notice to the respective class members about the Settlements. The procedures for establishing and administering the benefits provided by the proposed Settlements and for notice to class members satisfy Rule 23 and due process.

2. The Court finds and determines that it will likely be able to certify the Settlement Classes for purposes of judgment on the settlement proposals under Rule 23(b)(3) of the Federal Rules of Civil Procedure, because: (a) members of each Settlement Class are so numerous that joinder of all members would be impracticable, (b) there are questions of law and fact that are common to each Settlement Class, and those questions of law and fact common to the Settlement Class predominate over any questions affecting any individual class member; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Classes they seek to represent for purposes of settlement; (d) a class action on behalf of each Settlement Class is superior to other available means of adjudicating this dispute; and (e) Plaintiffs and Class Counsel are adequate representatives of the Settlement Classes. Defendants retain all rights to assert that this action may not be certified as a class action, other than for settlement purposes.

3. The Court has reviewed the class notices for each Settlement Class and the methods for providing notice and has determined that the parties will employ forms and methods of notice that constitute the best notice practicable under the circumstances; are reasonably calculated to apprise class members of the terms of the Settlements and of their right to participate in them, object, or opt-out; are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and meet all applicable requirements of Rule 23, the United States Constitution, and due process.

**Accordingly, IT IS HEREBY ORDERED that**:

1. The Motion for Preliminary Approval is **GRANTED**. The Court preliminarily approves the Settlements.

2. The Court hereby certifies, for settlement purposes only:

    a. A 3M Settlement Class consisting of: All individuals whose PII was provided by 3M or TCA to any other individual or entity from April 13, 2015, to June 30, 2015, including:

    - Any person with a transponder account with a Toll Agency whose PII was sent by 3M or TCA from April 13, 2015, to June 30, 2015 to another Toll Agency (interoperability transmissions);
    - Any person who used any of the TCA Toll Roads whose PII was sent by 3M or TCA to a third party from April 13, 2015, to June 30, 2015 in connection with efforts to collect tolls or penalties (collection transmissions); and
    - Any person whose PII was sent by 3M or TCA to a third party from April 13, 2015, to June 30, 2015 for any reason other than those listed above (other transmissions).

    Excluded from the 3M Settlement Class are: (1) employees of 3M, including their current and former directors, officers and counsel; (2) any entity that has a controlling interest in 3M; (3) 3M's affiliates and subsidiaries; and (4) the judge to whom this case is or was assigned, any member of the judge's immediate family, and any member of the judge's staff.

    b. A TCA Settlement Class consisting of: All individuals whose PII was provided by 3M or TCA to any other individual or entity from April 13, 2015, through 30 days after the date of this order, including:

    - Any person with a transponder account with a Toll Agency whose PII was sent by 3M or TCA from April 13, 2015, through 30 days after the date of this order to another Toll Agency

(interoperability transmissions);

- Any person who used any of the TCA Toll Roads whose PII was sent by 3M or TCA to a third party from April 13, 2015, through 30 days after the date of this order in connection with efforts to collect tolls or penalties (collection transmissions); and

- Any person whose PII was sent by 3M or TCA to a third party from April 13, 2015, through 30 days after the date of this order for any reason other than those listed above (other transmissions).

Excluded from the TCA Settlement Class are: (1) employees of TCA Defendants, including their current and former directors, officers and counsel; (2) any entity that has a controlling interest in TCA Defendants; (3) TCA Defendants' affiliates and subsidiaries; and (4) the judge to whom this case is or was assigned, any member of the judge's immediate family, and any member of the judge's staff.

3. <u>TCA Class Representatives</u>. For purposes of the TCA Settlement only, the Court preliminarily finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that Plaintiffs Penny Davidi Borsuk; David Coulter; Todd Carpenter; Lori Myers; Dan Golka; Todd Quarles; and Ebrahim E. Madha will fairly and adequately represent the interests of the Class in enforcing their rights in the action and appoints them as Class Representatives. The Court preliminarily finds that they are similarly situated to absent Settlement Class Members and therefore typical of the Class, and that they will be adequate Class Representatives.

4. <u>3M Class Representatives</u>. For purposes of the 3M Settlement only, the Court preliminarily finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that Plaintiffs Penny Davidi Borsuk; David Coulter; Todd Carpenter; Lori Myers; and Dan Golka will fairly and adequately represent the interests of the Class in enforcing their rights in the action and appoints them as Class

1  Representatives. The Court preliminarily finds that they are similarly situated to
2  absent Settlement Class Members and therefore typical of the Class, and that they will
3  be adequate Class Representatives.

4        5.      <u>Class Counsel.</u> For purposes of the Settlements, the Court appoints Helen
5  I. Zeldes of Schonbrun Seplow Harris Hoffman & Zeldes, LLP; Blake J. Lindemann
6  of Lindemann Law APC; and Michael J. Flannery of Cuneo Gilbert & LaDuca, LLP
7  as Class Counsel to act on behalf of each Settlement Class and the respective Class
8  Representatives with respect to the respective Settlements. The Court authorizes Class
9  Counsel to enter into the Settlements on behalf of the respective Class Representatives
10 and Settlement Classes, and to bind them all to the duties and obligations contained
11 therein, subject to final approval by the Court of the Settlements.

12       6.      <u>Administration.</u> Epiq Class Action & Claims Solutions, Inc is appointed
13 as Class Administrator to administer the notice procedure and the processing of claims
14 for the Settlement Classes, under the supervision of Class Counsel.

15       7.      <u>Class Notice.</u> The form and content of the proposed Notice of Class
16 Action Settlement ("Long Form Notice"), the Email Notice, Mail Notice, and
17 Publication Notice are hereby approved. The Parties and Class Administrator may
18 amend the Class Notice documents as necessary to add dates, correct errors, and
19 improve the information provided to Settlement Class Members consistent with the
20 guidance provided by the Special Master.

21       8.      Cofiroute USA, LLC ("Cofiroute"), and the Orange County
22 Transportation Authority ("OCTA") are hereby ordered to provide to the Class
23 Administrator, in an electronically searchable and readable format, the names, email
24 addresses and, if necessary (i.e., if an email address is unavailable or if the Class
25 Administrator notifies Cofiroute that an email was returned as undeliverable) the last
26 known mailing addresses of OCTA account holders who used their OCTA FasTrak
27 account to pay for a toll on a toll road operated by TCA between April 13, 2015 and
28 the thirtieth day after the date of this Order. TCA is hereby ordered to provide to the

1  Class Administrator, in an electronically searchable and readable format, information
2  to be identified by TCA in TCA's discretion, that the Class Administrator will use to
3  determine the names, last known email address, and last known mailing addresses
4  held by Settlement Class Members, to the extent TCA determines that such
5  information exists in its reasonably available computerized account records. The
6  Court finds that the provision of the foregoing information by OCTA, Cofiroute and
7  TCA to the Class Administrator is necessary so that reasonable notice can be given to
8  the class, as required by state and federal constitutional provisions and FRCP 23, and
9  so the Class Administrator can verify membership in the Settlement Classes. The
10 Court further finds and orders that compliance with this Order by OCTA, TCA and/or
11 Cofiroute will not and does not violate California Streets & Highways Code section
12 31490 or any other federal, state or local constitution, statute, rule, regulation or policy
13 purporting to limit the disclosure of personally identifiable information.

14      9.    To effectuate this Order and to ensure adequate notice is provided to the
15 members of the Settlement Classes, and in accordance with both the Court's general
16 authority to protect its jurisdiction and the All Writs Act (28 USC § 1651), the Court
17 hereby permanently enjoins each and every member of each of the Settlement Classes
18 from filing or pursuing any claim or litigation against any of the persons and/or
19 entities listed below in 9(a)-(d), asserting that compliance with the obligations
20 imposed by this Order or either of the Agreements violates California Streets &
21 Highways Code section 31490 or any other federal, state or local constitution, statute,
22 rule, regulation or policy purporting to limit the disclosure of personally identifiable
23 information:
24      a.    Any and all Released Parties (as defined in Section 2.26 of the
25 TCA Agreement);
26      b.    Any and all Released Parties (as defined in Section 2.26 of the 3M
27 Agreement);
28

    c. OCTA and Cofiroute, together with their respective officers, agents, employees and attorneys;

    d. Any other person or entity who provides information to the Class Administrator pursuant to this Order, together with their respective officers, agents, employees and attorneys.

  10. The Class Administrator shall send the applicable Class Notice as provided by the respective Agreements via: (i) electronic mail, to the most recent email address of all persons in the respective Settlement Classes for whom such information is reasonably available from the computerized records of OCTA, TCA or Cofiroute; (ii) first class mail, to the most recent mailing address of all persons in the respective Settlement Classes for whom there was no reasonably available email address or whose email notice was returned as undeliverable and for whom such mailing address is reasonably available from the computerized records of OCTA, Cofiroute or TCA; and (iii) via publication and social media ads for members of the interoperability transmissions subgroups of the respective Settlement Classes for whom no email or mailing address is reasonably available to OCTA, Cofiroute or TCA. The Notice will advise the respective class members of their ability to update their email address and/or mailing address with the Class Administrator.

  11. The Class Administrator shall treat the records of class members as confidential and shall not disclose all or any portion of those records to any person or entity except as authorized by Court order. The Class Administrator shall use the records containing class member information solely for the purposes of providing notice to class members, verifying claim forms, and calculating and paying settlement awards. No copies of files containing the records may be made, nor may the records be utilized by the Class Administrator for any other purpose not specified in this Order.

  12. <u>Settlement Website</u>. By the respective Settlement Notice Dates, the Class Administrator will maintain and administer a dedicated Settlement Website

containing class information and related documents. At a minimum, such documents will include the Agreements and attached exhibits, E-mail Notice, Mail Notice, this Preliminary Approval Order, all submissions regarding final settlement approval, any motion(s) for attorney's fees, costs, and/or service awards for the respective Class Representatives, and the Final Approval Order. The Settlement Website will permit members of the respective Settlement Classes who elect to do so to register online to receive (a) email notice that the Court has granted Final Approval of the Settlements, (b) updates on the deadlines to submit Requests for Exclusion and make Objections, and (c) the status of payments under the terms of the Settlements. The Settlement Website will be taken down and rendered inaccessible by the Final Distribution Date.

13. <u>Claims.</u> All claims must be postmarked or submitted electronically within **eighty-four (84) days after the Settlement Notice Date ("Claims Deadline")** as specified by the respective Agreements. Any class member who does not timely and properly submit a claim within the time provided for shall be forever barred from sharing in the distribution of the proceeds of the respective Settlements, unless otherwise agreed by the Parties or ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Agreements, the releases contained therein, this Order, the Final Judgment, and the Final Approval Order.

14. The Class Administrator shall review and process each claim to determine whether it qualifies for a settlement award, and in what amount, in accordance with the terms of the respective Agreements. Claims that do not meet the submission requirements may be rejected. Prior to rejecting a claim, in whole or in part, the Class Administrator shall communicate with the claimant in writing to give the claimant a reasonable opportunity to remedy any deficiencies in the claim.

15. <u>Exclusions from the Settlement</u>. Members of the Settlement Classes who wish to exclude themselves from one or both of the Settlement Classes must advise the Class Administrator by providing a written Request for Exclusion. The Request for Exclusion must be postmarked no later than **eighty-four (84) days after the**

**Settlement Notice Date** (the "Exclusion Deadline"). In it, the class member must state his or her full name and address and must state that he or she wishes to be excluded from the Settlement(s). Any member of a Settlement Class who submits a valid and timely Request for Exclusion will not be a final class member of the Settlement he/she is excluded from and will not be bound by the terms of the Agreement(s) (but will be bound by the injunction in paragraph 9, above). All members of the Settlement Classes who do not submit a timely, valid Request for Exclusion, however, will be bound by the Agreement(s) and the Judgment, including the releases and covenant not to sue.

16. Objections. Any Settlement class member who intends to object to one or both Settlements must file a written Objection with the Court, located at 350 W. 1st Street, Los Angeles California, 90012, Courtroom 5D, no later than **eighty-four (84) days after the Settlement Notice Date** (the "Objection Deadline"). In the written Objection, the Settlement class member must state his or her (1) full name and address; (2) account number with the TCA, if one exists; and (3) any other proof of Settlement Class membership if such proof exists. The written Objection must also state the reasons for the Settlement class member's Objection and indicate whether he or she intends to appear at the Final Approval Hearing on his or her own behalf or through counsel. Any documents supporting the Objection must be attached to the Objection. The Parties shall have the right to obtain document discovery from and take the deposition of any objector relevant to the Objection. Any Settlement class member who has timely filed an Objection and indicated an intent to appear may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement class member's own expense, to object to the fairness, reasonableness, or adequacy of one or both of the Settlements.

17. Declaration of Class Administrator. No later than fourteen (14) calendar days before the Final Approval Hearing, the Class Administrator shall file with the

Court and serve on counsel for all Parties a declaration stating that the Notice required by this Order has been completed.

18. <u>Motion for Final Approval.</u> The motion for final approval shall be filed and served **at least twenty-eight (28) days before the Final Approval Hearing**. Any replies to any Objections shall be filed and served at least **fourteen (14) calendar days prior to the Final Approval Hearing**.

19. The motion for attorneys' fees and costs and Service Awards shall be filed **at least two weeks before the Objection and Exclusion Deadlines.** Any replies to any Objections shall be filed and served at least **fourteen (14) calendar days prior to the Final Approval Hearing**.

20. Defendants shall bear no responsibility for any application for attorneys' fees and costs and service awards, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. At or after the Final Approval Hearing, the Court shall determine whether any application for attorneys' fees and costs to Class Counsel and any service awards to Court-appointed Class Representatives shall be approved.

21. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlements, shall be paid in accordance with the terms set forth in the Agreements.

22. The Court preliminarily approves Section 14 of the 3M Settlement Agreement and Section 15 of the TCA Settlement Agreement in which the TCA, the OCTA, Cofiroute, other Toll Agencies, 3M, and the Class Administrator are released from any and all claims that any Settlement class member could assert arising out of or in any way related to the transmission, collection, or use of the Settlement Class Member Information pursuant to the Settlement Agreements to administer the Settlements.

23. The Special Master, Hon. Andrew J. Guilford (ret.), shall hold a Final Approval Hearing on a date selected by the Special Master at Judicate West, to

determine: (a) whether the Settlements on the terms and conditions provided for in the Agreements are fair, reasonable and adequate to class members and should be finally approved by the Court; (b) whether a judgment should be entered; (c) whether Class Counsel should be awarded attorneys' fees and costs, and if so, in what amount; and (d) whether service awards should be awarded to the Court-appointed Class Representatives, and if so, in what amount. The Special Master may postpone the Final Approval Hearing and will provide notice of any such postponement on the Class Administrator's website without further notice to class members. The Special Master shall produce a Report and Recommendation as to whether he believes the Settlements should be finally approved.

24. Neither the Agreements or any of their terms or provisions, nor any of the negotiations or proceedings connected with the Settlements, whether or not consummated, shall be construed as an admission or concession of any kind by any of the Parties. Neither the Agreements or any of their terms or provisions, nor any of the negotiations or proceedings connected with the Settlements, may be offered against any of the Parties as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of the Parties regarding any issue whatsoever including: (i) whether it was appropriate for class certification; (ii) the validity of any allegation or claim that was, could have been or will be asserted against any of the Defendants; (iii) liability, negligence, fault, or wrongdoing of any kind; and (iv) the existence or scope of any damages.

25. The Court retains exclusive and continuing jurisdiction over the Parties and the class members to consider all further motions and applications arising out of, or connected with, the Agreements or related Settlement matters. The Court may approve the Settlements with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Classes. The Court shall also retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreements, and all Parties hereto submit to the jurisdiction of the Court for

purposes of implementing and enforcing the Settlements embodied in the Agreements.

26. All class members shall be bound by all determinations and judgments of the Court in the Action concerning the Settlements and related matters, whether favorable or unfavorable to the Settlement Classes.

27. All proceedings in this action relating to TCA, 3M, and BRiC shall be stayed until further order of the Court, except for proceedings that may be necessary to implement this Preliminary Approval Order, the Agreements, their Exhibits, or to comply with or effectuate the terms and conditions of the Agreements.

28. Pending final determination of whether the proposed Settlements should be approved, neither Plaintiffs nor any class member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the settling Defendants, any action or proceeding in any court or tribunal asserting any of the respective Released Claims.

**IT IS SO ORDERED.**

May 17, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**