1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

11 | IN RE: TOLL ROADS LITIGATION

12 |

13 | PENNY DAVIDI BORSUK; DAVID COULTER; EBRAHIM E. MAHDA; TODD QUARLES; TODD

14 | CARPENTER; LORI MYERS; DAN GOLKA; and JAMES WATKINS on

15 | behalf of themselves and all others similarly situated,

16 |           Plaintiffs,

17 |      vs.

18 | FOOTHILL/EASTERN TRANSPORTATION CORRIDOR

19 | AGENCY; SAN JOAQUIN HILLS TRANSPORTATION CORRIDOR

20 | AGENCY; ORANGE COUNTY TRANSPORTATION AUTHORITY;

21 | 3M COMPANY; BRiC-TPS LLC; RHONDA REARDON; MICHAEL

22 | KRAMAN; CRAIG YOUNG; SCOTT SCHOEFFEL; ROSS CHUN;

23 | DARRELL JOHNSON; LORI DONCHAK; COFIROUTE USA, LLC;

24 | and DOES 3-10; inclusive,

25 |           Defendants.

Case No:  8:16-cv-00262-ODW(ADSx)

Hon. Otis D. Wright II

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Date:   April 23, 2021
Time:   11:00 a.m.
Location:   Judicate West
              55 Park Plaza, Suite 400
              Irvine, CA 92614

Special Master: Hon. Andrew J. Guilford (ret.)

26

27

28

## ORDER GRANTING PRELIMINARY APPROVAL

On April 12, 2021, Plaintiff Dan Golka on behalf of himself and the proposed Settlement Class ("Plaintiff") and Defendants Orange County Transportation Authority, Darrell Johnson and Lori Donchak (collectively "OCTA"), and Defendant Cofiroute USA, LLC ("Cofiroute") (OCTA and Cofiroute are collectively referred to as "Defendants") entered into a Settlement Agreement and Release ("Agreement"), after two arm's-length mediations, both with the assistance of mediator Robert Kaplan[1] The settlement reached by Plaintiff and Defendants will be referred to as the "Settlement."

Plaintiff now moves this Court, pursuant to Federal Rule of Civil Procedure ("Rule") 23(e), for an order preliminarily approving the Settlement and directing notice of the proposed Settlement be given to the Settlement Class upon the terms and conditions set forth in the Agreement ("Motion"). The Motion was referred to the Special Master, Judge Andrew J. Guilford (ret.) (*see* ECF No. 582), and a hearing on the Motion occurred on April 23, 2021. Special Master Guilford issued a Report and Recommendation recommending granting the Motion for Preliminary Approval of the Settlement.

After carefully considering Plaintiff's Motion for Preliminary Approval and accompanying declarations; the Agreement, including the accompanying Exhibits; Special Master Guilford's Report and Recommendation; and the applicable law, the Court finds that:

1.       The proposed Settlement is fair, reasonable, adequate and the Court will likely be able to approve it under Rule 23(e)(2) and enter judgment on it.  The proposed Settlement does not improperly grant preferential treatment to any segment of the Settlement Class.  The proposed Settlement is sufficient to warrant sending

---

[1] Unless otherwise defined, all terms used herein have the same meanings as set forth in the Agreement.

notice to the class members about the Settlement in the manner proposed by Plaintiff. The procedures for establishing and administering the benefits provided by the proposed Settlement and for notice to class members satisfy Rule 23 and due process.

2.      The Court finds and determines that it will likely be able to certify the Settlement Class for purposes of judgment on the proposed Settlement under Rule 23(b)(3) of the Federal Rules of Civil Procedure, because the Settlement Class is similar to the privacy class previously certified by the Court (ECF Nos. 439 and 501) as to Defendants, and the Court had therefore previously determined that: (a) members of each subclass of the Settlement Class are so numerous that joinder of all members would be impracticable, (b) there are questions of law and fact that are common within each subclass of the Settlement Class, and those common questions of law and fact predominate over any questions affecting any individual class member; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class; (d) a class action on behalf of each subclass of the Settlement Class is superior to other available means of adjudicating this dispute; and (e) Plaintiff and Class Counsel are adequate representatives of the Settlement Class. Defendants retain all rights to assert that this action should not be certified as a class action, other than for settlement purposes.

3.      The Court has reviewed the class notices for the Settlement Class and the methods for providing notice and has determined that these forms and methods of notice constitute the best notice practicable under the circumstances; are reasonably calculated to apprise Settlement Class members of the terms of the Settlement and of their right to participate in it, object, or opt-out; are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and meet all applicable requirements of Rule 23 and due process.

///

///

///

///

**Accordingly, IT IS HEREBY ORDERED that**:

     1.     The Motion for Preliminary Approval is **GRANTED**. The Court preliminarily approves the Settlement.

     2.     The Court hereby certifies, for settlement purposes only, a Settlement Class consisting of the following individuals whose PII was provided by OCTA or Cofiroute to an entity described below between June 29, 2015, and the Settlement Class Period End Date (10 days after entry of this Order):

- Any person with a transponder account with a Non-Party Toll Agency whose PII, including the date, time and location of a toll transaction, was sent by Defendants to a Non-Party Toll Agency for purposes of collecting a toll incurred on the 91 Express Lanes (the "Interoperability Subclass");

- Any person whose license plate number was sent by Defendants to the California Department of Motor Vehicles or out-of-state equivalent, directly or through a subcontractor, in connection with more than one alleged toll violation incurred on the 91 Express Lanes (the "DMV Subclass");

- Any person whose PII was sent to a car rental company by Defendants in connection with an alleged toll violation incurred on the 91 Express Lanes (the Car Rental Subclass"); and

- Any person whose PII, other than the amount of tolls and penalties owed, the violation number, or the violator's account number, was sent by Defendants to a third-party debt collector for collection of unpaid tolls and/or toll violation penalties incurred on the 91 Express Lanes (the "Debt Collection Subclass").

The following individuals are excluded from the Settlement Class: Current members of the OCTA Board of Directors, OCTA's Chief Executive Officer, the General Manager of the 91 Express Lanes, OCTA's 91 Express Lanes Project Manager III, the attorneys representing OCTA or Cofiroute in this Litigation. and the judge to whom this case is or was assigned, any member of the judge's immediate family, and any member of the judge's staff.

3.    Class Representative.  The Court preliminarily finds and determines, pursuant to Rule 23(a), that Plaintiff Dan Golka will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the action and appoints him as "Class Representative." The Court preliminarily finds that he is similarly situated to absent Settlement Class members and therefore typical of the Settlement Class, and that he will be an adequate class representative.

4.    Class Counsel. For purposes of the Settlement, the Court appoints Helen I. Zeldes of Schonbrun Seplow Harris Hoffman & Zeldes, LLP, Blake J. Lindemann of Lindemann Law, APC and Michael J. Flannery of Cuneo Gilbert & LaDuca, LLP as Class Counsel to act on behalf of the Settlement Class and the Class Representative with respect to the Settlement. The Court authorizes Class Counsel to enter into the Settlement on behalf of the Class Representative and Settlement Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

5.    Administration.  Epiq Class Action & Claims Solutions, Inc is appointed as Class Administrator to administer the notice procedure and the processing of claims for the Settlement Class, under the supervision of Class Counsel.

6.    Class Notice. The form and content of the proposed Notice of Class Action Settlement ("Long Form Notice"), the Email Notice, Mail Notice, and Publication Notice are hereby approved. The Parties and Class Administrator may amend the Class Notice documents as necessary to add dates, correct errors, and improve the information provided to Settlement Class members consistent with the guidance provided by the Special Master.

7.    Foothill/Eastern Transportation Corridor Agency and San Joaquin Hills Transportation Corridor Agency (collectively, "TCA") are hereby ordered to provide to the Class Administrator, in an electronically searchable and readable format, the names, email addresses and, if necessary (i.e., if an email address is unavailable or if the Class Administrator notifies TCA that an email was returned as undeliverable) the

last known mailing addresses of TCA FasTrak account holders who used their TCA FasTrak account to pay for a toll on the Orange County portion of the 91 Express Lanes between June 29, 2015, and the tenth (10th) day after the entry of this Order. Defendants are hereby ordered to provide to the Class Administrator, in an electronically searchable and readable format mutually acceptable to the Class Administrator and Defendants, the following information, to the extent the information is reasonably retrievable from Defendants' reasonably available and searchable data bases as maintained by Cofiroute: the names and last known mailing addresses of the members of the Debt Collection Subclass and whether the member is eligible for penalty forgiveness pursuant to Section 12.02. The Court finds that the provision of the foregoing information by OCTA, Cofiroute and/or TCA to the Class Administrator is necessary so that reasonable notice can be given to the Settlement Class, as required by state and federal constitutional provisions and Rule 23, and so the Class Administrator can verify membership in the Settlement Class and verify claim eligibility, as necessary. The Court further finds and orders that compliance with this Order by OCTA, TCA and/or Cofiroute will not and does not violate California Streets & Highways Code section 31490 or any other federal, state or local constitution, statute, rule, regulation or policy purporting to limit the disclosure of personally identifiable information.

8.     To effectuate this Order and to ensure adequate notice is provided to the members of the Settlement Class, and in accordance with both the Court's general authority to protect its jurisdiction and the All Writs Act (28 USC § 1651), the Court hereby permanently enjoins each and every member of the Settlement Class from filing or pursuing any claim or litigation against any of the persons and/or entities listed below in subparagraphs 8(a) through (c) asserting that compliance with the obligations imposed by this Order or the Agreement violates California Streets & Highways Code section 31490 or any other federal, state or local constitution, statute,

1  rule, regulation or policy purporting to limit the disclosure of personally identifiable

2  information:

      a.     OCTA, Cofiroute, and any and all other Released Parties (as defined in Section 2.26 of the Agreement);

      b.     TCA and BRiC-TPS, LLC ("BRiC"), together with their respective officers, agents, employees and attorneys;

      c.     Any other person or entity who provides information to the Class Administrator pursuant to this Order, together with their respective officers, agents, employees and attorneys.

      9.     The Class Administrator shall send the applicable Class Notice as provided by the Agreement via: (i) electronic mail, to the most recent email address of all persons in the Interoperability Subclass for whom TCA provides an email address;  (ii) first class mail, to the most recent mailing address of all persons in the Interoperability Subclass for whom TCA had no reasonably available email address or whose email notice was returned as undeliverable and for whom TCA provides a mailing address, and all persons in the Debt Collection Subclass for whom OCTA or Cofiroute provides a mailing address; and (iii) via publication and social media advertisements for all other members of the Settlement Class. The Notice will advise the Settlement Class members of the opportunity to update their email address and/or mailing address with the Class Administrator.

      10.     The Class Administrator shall treat the records of Settlement Class members as confidential and shall not disclose all or any portion of those records to any person or entity except as authorized by Court order.  The Class Administrator shall use the records containing Settlement Class member information solely for the purposes of providing notice to Settlement Class members, facilitating communication with them about the Settlement, administering and processing claims and exlcusions including verifying claim forms, and calculating and paying settlement

awards.  No copies of Settlement Class member information may be made, nor utilized by the Class Administrator for any purpose not specified in this Order.

11.   <u>Settlement Website</u>. By the Settlement Notice Date, the Class Administrator will maintain and administer a dedicated Settlement Website containing class information and related documents. At a minimum, such documents will include the operative Corrected First Amended Consolidated Class Action Complaint (ECF No. 119-1), the Agreement and attached exhibits, E-mail Notice, Mail Notice, this Order, the Court's January 17, 2020 order on Defendants' Key Questions Motion (ECF No. 566), all motions or other papers filed regarding final settlement approval, attorney's fees, costs, and/or service awards for the Class Representative, and the Final Approval Order. The Settlement Website will permit members of the Settlement Class who elect to do so to register online to receive (a) email notice that the Court has granted final approval of the Settlement, (b) updates on the deadlines to submit Requests for Exclusion and make Objections, and (c) the status of payments under the terms of the Settlement. The Settlement Website will be taken down and rendered inaccessible by the Final Distribution Date.

12.   <u>Claims.</u> All claims must be postmarked or submitted electronically within **<u>eighty-four (84) days after the Settlement Notice Date ("Claims Deadline")</u>** as specified by the Agreement.  Any eligible Settlement Class member who does not timely and properly submit a claim within the time provided for shall be forever barred from sharing in the distribution of the proceeds of the Settlement, unless otherwise agreed by the Parties or ordered by the Court, but will in all other respects be subject to and bound by the provisions of this Order and upon final approval of the Settlement by the provisions of the Agreement, the releases and covenant not to sue contained therein, the Judgment, and the Final Approval Order.

13.   The Class Administrator shall review and process each claim to determine whether it qualifies for a Cash Award, and in what amount, in accordance with the terms of the Agreement. Claims that do not meet the submission requirements

1  may be rejected.  Prior to rejecting a claim, in whole or in part, the Class Administrator

2  shall communicate with the claimant in writing to give the claimant a reasonable

3  opportunity to remedy any deficiencies in the claim.

4  14.  Exclusions from the Settlement. Members of the Settlement Class who

5  wish to exclude themselves from the Settlement Class must advise the Class

6  Administrator by providing a written Request for Exclusion. The Request for

7  Exclusion must be postmarked no later than **eighty-four (84) days after the**

8  **Settlement Notice Date** (the "Exclusion Deadline"). In it, the  Settlement Class

9  member must state his or her full name and address and must state that he or she

10  wishes to be excluded from the Settlement. Any member of the Settlement Class who

11  submits a valid and timely Request for Exclusion will not be a Final Settlement Class

12  member and will not be bound by the terms of the Agreement (but will be bound by

13  the injunction in paragraph 8, above). All members of the Settlement Class who do

14  not submit a timely, valid Request for Exclusion, however, will be bound by this

15  Order, and upon final approval of the Settlement by the Agreement, including the

16  releases and covenant not to sue, the Final Approval Order and the Judgment.

17  15.  Objections. Any Settlement Class member who intends to object to the

18  Settlement ("Objector") must file a written objection with the Court, located at

19  350 W. 1st Street, Los Angeles California, 90012, Courtroom 5D, no later than **eighty-**

20  **four (84) days after the Settlement Notice Date** (the "Objection Deadline"). In the

21  written objection, the Objector must state his or her (1) full name and address; (2)

22  account number with OCTA, if one exists; and (3) any other proof of Settlement Class

23  membership if such proof exists ("Objection"). The written Objection must also state

24  the reasons for the Objector's objection to the Settlement and indicate whether he or

25  she intends to appear at the hearing on the motion for final approval of the Settlement

26  ("Final Approval Motion") before the Special Master on his or her own behalf or

27  through counsel. Any documents supporting the Objection must be attached to the

28  Objection. The Parties shall have the right to obtain document discovery from and

8

take the deposition of any Objector relevant to the Objection. Any Objector who timely files an Objection and indicates an intent to appear may appear at the hearing before the Special Master on the Final Approval Motion, either in person or through an attorney hired at the Objector's own expense, to object to the fairness, reasonableness, or adequacy of the Settlement.

16.     Declaration of Class Administrator. No later than fourteen (14) calendar days before the hearing before the Special Master on the Final Approval Motion, the Class Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the Notice required by this Order has been completed.

17.     Motion for Final Approval. The Final Approval Motion shall be filed and served **at least twenty-eight (28) days before the hearing on the Final Approval Motion before the Special Master**.  Any opposition papers in response to any Objections shall be filed and served at least **fourteen (14) calendar days prior to the hearing on the Final Approval Motion before the Special Master**.

18.     Any motions for attorneys' fees and costs and service awards shall be filed **at least two weeks before the Objection and Exclusion Deadlines.**

19.     Defendants shall bear no responsibility for any application for attorneys' fees and costs and service awards, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  At or after the hearing before the Special Master on the Final Approval Motion, the Special Master shall make recommendations to the Court on any application for attorneys' fees and costs to Class Counsel and any service award to the Class Representative.

20.     All reasonable expenses incurred in accordance with the Agreement and this Order in identifying and notifying Settlement Class members, as well as administering the Settlement, shall be paid in accordance with the terms set forth in the Agreement.

21.     The Court preliminarily approves Section 15 of the Agreement in which OCTA, Cofiroute, and any other Released Parties, and TCA, 3M Company, BRiC,

1    any other person or entity who provides information to the Class Administrator

2    pursuant to this Order, and any of their respective officers, agents, employees and

3    attorneys are released from any and all claims asserting that compliance with the

4    obligations of this Order, the Agreement, and/or the Court ordered Notice

5    requirements violates Section 31490 or any other federal, state or local constitution,

6    ordinance, statute, rule, regulation or policy purporting to limit the disclosure of the

7    personally identifiable information which is reasonably necessary to provide notice

8    to the Settlement Class and to otherwise implement the Settlement.

9           22.    The Special Master, Hon. Andrew J. Guilford (ret.),  shall hold a hearing

10   on the Final Approval Motion and on any motions for award of attorneys' fees and

11   costs and/or service award to the Class Representative on a date(s) selected by the

12   Special Master at Judicate West, to determine: (a) whether the Settlement on the terms

13   and conditions provided for in the Agreement is fair, reasonable and adequate to class

14   members and should be finally approved by the Court; (b) whether a judgment should

15   be entered pursuant to the Settlement; (c) whether Class Counsel should be awarded

16   attorneys' fees and costs, and if so, in what amount; and (d) whether a service award

17   should be awarded to the Class Representative, and if so, in what amount. The Special

18   Master may postpone the hearing on the Final Approval Motion and any motions for

19   attorneys' fees and service awards and will provide notice of any such postponement

20   to the Class Administrator who shall post such information to the Settlement Website

21   without the need for further or additional notice to the Settlement Class members. The

22   Special Master shall produce a Report and Recommendation as to whether the

23   Settlement should be approved as fair, reasonable and adequate under Rule 23(e) and

24   whether any motions for attorneys' fees or service awards should be granted and if so

25   in what amounts.

26          23.    Neither the Agreement or any of its terms or provisions, nor any of the

27   negotiations or proceedings connected with the Settlement, whether or not

28   consummated, shall be construed as an admission or concession of any kind by any

of the Parties.  Neither the Agreement or any of its terms or provisions, nor any of the

negotiations or proceedings connected with the Settlement, may be offered against

any of the Parties in this case or any other action or proceeding as evidence of, or

construed as or deemed to be evidence of, any presumption, concession or admission

by any of the Parties regarding any issue whatsoever including: (i) whether it was

appropriate for class certification; (ii) the validity of any allegation or claim or

element thereof that was, could have been or will be asserted against any of the

Defendants; (iii) liability, negligence, fault, or wrongdoing of any kind; and (iv) the

existence or scope of any damages.

24.     The Court retains exclusive and continuing jurisdiction over the Parties

and the Settlement Class members to consider all further motions and applications

arising out of, or connected with this Order, the Agreement or related Settlement

matters.  The Court may approve the Settlement with such modifications as may be

agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

The Court also retains jurisdiction with respect to the implementation and

enforcement of this Order, the terms of the Agreement, and all Parties hereto submit

to the jurisdiction of the Court for purposes of implementing and enforcing the

Settlement embodied in the Agreement.

25.     All Settlement Class members shall be bound by all determinations and

judgments of the Court in this case concerning the Settlement and related matters,

whether favorable or unfavorable to the Settlement Class.

26.     All proceedings in this action relating to OCTA and Cofiroute shall be

stayed until further order of the Court, except for proceedings that may be necessary

to implement this Order, the Agreement, its Exhibits, or to comply with or effectuate

the terms and conditions of the Settlement.

27.     Pending determination of the Final Approval Motion, neither Plaintiff

nor any Settlement Class member, directly or indirectly, representatively, or in any

other capacity, shall commence or prosecute against OCTA, Cofiroute or any of the

other Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims; provided that this prohibition shall not apply to the following claims, which were expressly carved out of the Settlement by the Parties:

- The claims expressly asserted in the January 6, 2020 First Amended Complaint on file in the case entitled Mathew Skogebo et al., vs. Cofiroute USA, LLC, et al., Orange County Superior Court Case No. 30-2019-01118474;

- The claims expressly asserted in the January 13, 2020 Second Amended Complaint on file in the case entitled Harvey J. Thompson, et al., vs. Cofiroute USA, LLC, et al., Orange County Superior Court Case No. 30-2019-01108804; and

- The claims expressly asserted in the January 3, 2020 Corrected First Amended Complaint on file in the case entitled Sanket Vinod Thakur, et al., vs. Cofiroute USA, LLC, et al, United States District Court, Central District of California, Case No. 8:19-CV-02233 ODW (JDEx).

**IT IS SO ORDERED.**

May 17, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**