# United States District Court
## Central District of California

| | |
|---|---|
| In re TOLL ROADS LITIGATION<br>_____<br><br>PENNY DAVIDI BORSUK, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY, *et al.*,<br><br>Defendants. | Case No: 8:16-cv-00262-ODW(ADSx)<br><br>Hon. Otis D. Wright II<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br>[623]<br><br>Date: January 4, 2022<br>Time: 10:00 AM<br>Location: Judicate West<br>　　　　　1851 East First Street<br>　　　　　Suite 1600<br>　　　　　Santa Ana, CA 92705<br><br>(**Referred to Special Master: Hon. Andrew J. Guilford (ret.**)) |

## ORDER GRANTING FINAL APPROVAL

On April 12, 2021, Plaintiff Dan Golka on behalf of himself and the proposed Settlement Class (as defined below) ("Plaintiff") and Defendants Orange County Transportation Authority, Darrell Johnson and Lori Donchak (collectively "OCTA"), and Defendant Cofiroute USA, LLC ("Cofiroute") (OCTA and Cofiroute are collectively referred to as "Defendants") entered into a Settlement Agreement and Release ("Agreement"), after two arm's-length mediations, both with the assistance of mediator Robert Kaplan.[1] The settlement reached by Plaintiff and Defendants will be referred to as the "Settlement."

On May 17, 2021. this Court granted Preliminary Approval of the Agreement and ordered that Notice be sent to the Settlement Class.

On January 4, 2022, this matter came before the Special Master Andrew J. Guilford (ret.). Special Master Guilford issued a Report and Recommendation recommending granting the Motion for Final Approval. After reviewing: (a) the motion and the supporting papers, including the Agreement; and (b) Special Master Guilford's Report and Recommendation, the Court finds good cause to grant the motion.

**FINDINGS:**

1. Upon review of the record, the Court hereby finds that the Settlement is, in all respects, fair, adequate, and reasonable. The Court has come to this determination pursuant to the factors outlined in Federal Rules of Civil Procedure ("Rule") 23(e)(2). Among other matters considered, the Court took into account: (a) the complexity of Plaintiff's theory of liability; (b) the arguments raised by Defendants in their pleadings that could potentially preclude or reduce the recovery by class members; (c) the prior rulings of the Court on the merits of some of Plaintiff's

---

[1] Unless otherwise defined, all terms used herein have the same meanings as set forth in the Agreement.

1 claims and in particular on Defendants' Motion to Decide Key Legal Questions (Dkt. 566); (d) delays in any award to the Settlement Class that would occur due to further litigation and appellate proceedings; (e) the amount of discovery that has occurred; (f) the relief provided to the Settlement Class; (g) the recommendation of the Settlement by counsel for the Parties; and (h) that there were no objectors to the Settlement, demonstrating that the Settlement Class had a positive reaction to the Settlement.

2. The Court finds that the Settlement Class members have been adequately represented by the Class Representative and Class Counsel.

3. The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Class Counsel and Defendants' Counsel resulting in the Settlement. These negotiations were presided over by the experienced mediator Robert Kaplan, Esq.

4. The Settlement provides substantial and adequate value to the Settlement Class.

5. The Class Administrator provided notice to members of the Settlement Class in compliance with the Agreement, the Preliminary Approval Order, due process, and Rule 23. The notice: (a) fully and accurately informed Settlement Class members about the lawsuit and settlement; (b) provided sufficient information so that Settlement Class members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed settlement; (c) provided procedures for Settlement Class members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (d) provided the time, date, and place of the final fairness hearing. The Court finds that the Notice provided to the Class pursuant to the Settlement Agreement and the Preliminary Approval Order and consisting of individual direct postcard and email notice, publication notice, settlement website, and CAFA notice (as defined below) has been successful and (a) constituted the best practicable notice

under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object to the Settlement or exclude themselves from the Class, and to appear at the Final Approval Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) otherwise met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

6. The Court finds that the appropriate government officials were properly and timely notified of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of this notice and finds that it complied with all applicable requirements of CAFA. As required by CAFA, more than ninety (90) days have elapsed between the date notice was provided pursuant to CAFA and the Final Approval Hearing.

7. The Parties have adequately performed their obligations under the Agreement and Preliminary Approval Order to date.

8. The 44 persons on the list attached hereto as Exhibit A have each submitted a valid, timely request for exclusion from the Class.

9. For the reasons stated in the Preliminary Approval Order, and having found nothing that would disturb these previous findings, this Court finds and determines that the proposed Settlement Class, as defined below, meets all of the legal requirements for class certification for settlement purposes under Rule 23(a) and (b)(3).

**IT IS ORDERED THAT:**

1. The Settlement Agreement is hereby finally approved in all respects, and the Parties and the Class Adminstrator are hereby directed to implement the Settlement Agreement according to its terms and provisions.

2. The Court has personal jurisdiction over the parties to this Action and the Class Members, venue is proper, and the Court has subject matter jurisdiction to

approve the Settlement Agreement, including all exhibits thereto, and to enter this Order.

3. <u>Settlement Class</u>. The Settlement Class is defined as:

All individuals whose PII was provided by OCTA or Cofiroute to an entity described below between June 29, 2015 and May 27, 2021:

- Any person with a transponder account with a Non-Party Toll Agency whose PII, including the date, time and location of a toll transaction, was sent by Defendants to a Non-Party Toll Agency for purposes of collecting a toll incurred on the 91 Express Lanes (the "Interoperability Subclass");

- Any person whose license plate number was sent by Defendants to the California Department of Motor Vehicles or out-of-state equivalent, directly or through a subcontractor, in connection with more than one alleged toll violation incurred on the 91 Express Lanes (the "DMV Subclass");

- Any person whose PII was sent to a car rental company by Defendants in connection with an alleged toll violation incurred on the 91 Express Lanes (the "Car Rental Subclass"); and

- Any person whose PII, other than the amount of tolls and penalties owed, the violation number, or the violator's account number, was sent by Defendants to a third-party debt collector for collection of unpaid tolls and/or toll violation penalties incurred on the 91 Express Lanes (the "Debt Collection Subclass").

4. <u>Exclusions from Settlement Class</u>. The following individuals are hereby excluded from the Settlement Class: (a) The persons listed on Exhibit A attached hereto each of whom has submitted a valid, timely request for exclusion from the Class; (b) Current members of the OCTA Board of Directors, OCTA's Chief Executive Officer, the General Manager of the 91 Express Lanes, OCTA's 91 Express

Lanes Project Manager III, the attorneys representing OCTA or Cofiroute in this Litigation. and the judge to whom this case is or was assigned, any member of the judge's immediate family, and any member of the judge's staff.

5. <u>Binding Effect of Order</u>. This Order applies to all claims or causes of action settled under the Agreement, and binds all members of the Settlement Class who are not expressly excluded by this Order, including those who did not timely or properly request exclusion. Except for Paragraph 6 below, this Order does not bind persons excluded from the Settlement Class pursuant to Paragraph 4 above.

6. In accordance with both the Court's general authority to protect its jurisdiction and the All Writs Act (28 USC § 1651), the Court hereby permanently enjoins each and every member of the Settlement Class from filing or pursuing any claim or litigation against any of the persons and/or entities listed below in 6(a)-(c), asserting that compliance with the obligations imposed by this Order, the Preliminary Approval Order, or the Agreement violates California Streets & Highways Code section 31490 or any other federal, state or local constitution, statute, rule, regulation or policy purporting to limit the disclosure of personally identifiable information:

   a. OCTA, Cofiroute, and any and all other Released Parties (as defined in Section 2.26 of the Agreement);

   b. Foothill/Eastern Transportation Corridor Agency and San Joaquin Hills Transportation Corridor Agency (collectively, "TCA") and BRiC-TPS, LLC ("BRiC"), together with their respective officers, agents, employees and attorneys;

   c. Any other person or entity who provided information to the Class Administrator pursuant to the Preliminary Approval Order, together with their respective officers, agents, employees and attorneys.

7. <u>Release</u>. Plaintiff and all members of the Settlement Class who did not properly request exclusion are: (1) deemed to have released and discharged all Released Parties from all Released Claims; (2) deemed to have released and

discharged any claim against Released Parties and any other person or entity who provided information to the Class Administrator pursuant to the Preliminary Approval Order asserting that compliance with the obligations of the Agreement, the Preliminary Approval Order, and/or the Court ordered Class Notice violates Section 31490 or any other federal, state or local constitution, statute, rule, regulation or policy purporting to limit the disclosure of the personally identifiable information; and (3) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any of those claims. Released Claims does not include: (a) the claims expressly asserted in the January 6, 2020 First Amended Complaint on file in the case entitled *Mathew Skogebo et al., vs. Cofiroute USA, LLC, et al.*, Orange County Superior Court Case No. 30-2019-01118474; (b) the claims expressly asserted in the January 13, 2020 Second Amended Complaint on file in the case entitled *Harvey J. Thompson, et al., vs. Cofiroute USA, LLC, et al.*, Orange County Superior Court Case No. 30-2019-01108804; and (c) the claims expressly asserted in the January 3, 2020 Corrected First Amended Complaint on file in the case entitled *Sanket Vinod Thakur, et al., vs. Cofiroute USA, LLC, et al*, United States District Court, Central District of California, Case No. 8:19-CV-02233 ODW (JDEx). The full terms of the releases described in this paragraph, including claims expressly excluded from the releases, are set forth in Section 15 of the Settlement Agreement and are specifically incorporated herein by this reference.

8. <u>Class Relief</u>. OCTA, through the Class Administrator, shall issue a Cash Award of up to $15.00 to each Cash Distribution Class Member who submitted claims deemed timely, and shall also provide penalty forgiveness to those members of the Debt Collection Subclass eligible for such relief, as stated in the Settlement Agreement.

9. <u>Unused Funds</u>. After all checks issued or re-issued pursuant to the Initial Distribution have been cashed or expired, any unclaimed or unused funds shall be paid to Privacy Rights Clearinghouse as a *cy pres* award.

10. <u>Administrator Costs.</u> Notice and Administration Costs of up to $423,413.47 shall be paid out of the Settlement Fund, according to the terms of the Settlement Agreement, to the Class Administrator, Epiq Class Action and Claims Solutions, Inc.

11. <u>Entry of Judgment.</u> Judgment shall be entered in favor of Defendants and against Settlement Class Members as provided in the Agreement.

12. <u>Court's Jurisdiction.</u> Without affecting the finality of this Order or the Judgment in any way, pursuant to the Parties' request, the Special Master and Court shall retain jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation, consummation and enforcement of the Agreement and this Order and judgment, and for any other necessary purpose.

**IT IS SO ORDERED.**

February 11, 2022

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

# Attachment 1



## Exclusion Report - OCTA Settlement

| Number | First Name | Middle Name | Last Name |
|---|---|---|---|
| 1 | AARON | | MERNICK |
| 2 | AUGARTEN | | LEE |
| 3 | BARBARA | | ROPELATO |
| 4 | BENYAMIN | Y | YACOUB |
| 5 | BLAKE | A | ROSEBERRY |
| 6 | CHEN | | GUOHUI |
| 7 | DAVID | B | COULTER |
| 8 | DEBORAH | | LAMB |
| 9 | DIBA | | KAZERANI |
| 10 | EDWAR | | MOUSA |
| 11 | EDWIN | | RABAINO |
| 12 | FRANCES | LOUISE | ENDRES |
| 13 | FRANCOIS | | MALINOWSKI |
| 14 | GERALD | A | JOHNSON |
| 15 | IRMA | | OCAMPO |
| 16 | ISRRAEL | | ANORVEMONTES |
| 17 | JIANGKUN | | CAI |
| 18 | JOSEPH | | NIEZGODA |
| 19 | JULIEN | | MARTEVILLE |
| 20 | KLAUDIA | | KAYE |
| 21 | KRISTI | | TRAYER |
| 22 | KRISTINA | | KALAYDJIAN |
| 23 | LAURA | | FLINT |
| 24 | LI PING | | WAN |
| 25 | LINDA | J | KIMBALL |
| 26 | LISA | | GIBBARD |
| 27 | MARIA | ISABEL | SERRANO-PAREDES |
| 28 | MARIO | I | SPINELLI |
| 29 | MARY | A | HEDGE |
| 30 | MICHAEL | | SEAL |
| 31 | NATOULIA | R | SCARBOROUGH |
| 32 | RED | | WEBSTER |
| 33 | ROBERT | C | TUAZON |
| 34 | ROBERT | | CIACCIA |
| 35 | SANH | | TRAN |
| 36 | SATIYA | | SIREGAR |
| 37 | SILVIA | | MAGANA |
| 38 | STEPHEN | K | HONG |
| 39 | SU MIN | | SONG |
| 40 | SUSAN | | FLIPPEN |
| 41 | THO HUU | | HUYNH |



## Exclusion Report - OCTA Settlement

| Number | First Name | Middle Name | Last Name |
|---|---|---|---|
| 42 | TIMI | C | GLEASON |
| 43 | VANESSA | C | MURILLO |
| 44 | YANNI | A | ABOUDI |