1
2
3
4
5
6
7

# United States District Court
# Central District of California

| | |
|---|---|
| In re TOLL ROADS LITIGATION<br>_____<br>PENNY DAVIDI BORSUK, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY, *et al.*,<br><br>Defendants. | Case No: 8:16-cv-00262 ODW (ADSx)<br><br>District Court Judge: Otis D. Wright II<br>Magistrate Judge: Autumn D. Spaeth<br><br>[CLASS ACTION]<br><br>**ORDER ON ATTORNEYS' FEES, COSTS AND SERVICE AWARDS**<br>[625]<br><br>Date:   January 4, 2022<br>Time:  10:00 AM<br>Location:   Judicate West<br>                 1851 East First Street<br>                 Suite 1600<br>                 Santa Ana, CA 92705<br><br>(**Referred to Special Master: Hon. Andrew J. Guilford (ret.)**) |

**WHEREAS**, the Parties to the above-captioned class action ("Action") entered into three Class Action Settlement Agreements and Releases (the "Settlements" or "Settlement Agreements");

**WHEREAS**, on May 17, 2021, the Court entered two Orders Preliminarily Approving the three Settlements (Dkt. #s 599, 600);

**WHEREAS**, this matter came before the Court on Plaintiffs' Motion for Attorneys' Fees, Costs and Service Awards ("Motion");

**WHEREAS**, on January 4, 2022, at 10:00 a.m., at Judicate West, 1851 East First Street, Suite 1600, Santa Ana, CA 92705, the Honorable Andrew J. Guilford (Ret.) held a hearing to determine whether the Settlements were fair, reasonable, and adequate to the Classes and whether to award the requested attorneys' fees, costs and Service Awards ("Final Approval Hearing") and subsequently issued a Report and Recommendation;

**WHEREAS**, it appearing that Notices substantially in the form approved by the Court were mailed or e-mailed to all Settlement Class Members who could be identified with reasonable effort and notice was provided to other Settlement Class Members by publication notice, which informed Settlement Class Members of the amounts sought through this Motion;

**WHEREAS**, it appearing that Settlement Class Members were provided notice of this Motion, sufficiently in advance of the Objection Deadline; and

**WHEREAS**, based on the foregoing, the Special Master's Report and Recommendation, and the Court having considered and determined the fairness and reasonableness of the request for fees, reimbursement of litigation costs and service awards,

**THE COURT HEREBY FINDS AND CONCLUDES THAT**:

1. The Court has jurisdiction to enter this Order approving the attorneys' fees, reimbursement of costs and service awards, and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

2.      This Order incorporates by reference the definitions in the Settlement Agreements with Defendants (ECF Nos. 585-4, 585-5, 594-3) and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreements.

3.      Notice of the Motion as well as the amounts sought in the Motion were adequately provided to Settlement Class Members. The form and method of notifying the Settlement Class of the amounts sought satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      The Settlements in this case are fairly valued at approximately $217 million. This amount does not consider the value of the remedial measures implemented as a result of this litigation.

5.      Class Counsel are awarded attorneys' fees and reimbursement of costs from the three settlements as follows:

The 3M Settlement.   The 3M Settlement is fairly valued at $11.95 million. Class Counsel are hereby awarded attorneys' fees in the amount of $2,987,500 (25% of the 3M Settlement value), and $31,458.47 in reimbursement of Class Counsel's litigation costs, such amounts to be paid from the 3M Settlement Fund in accordance with the terms of the 3M Settlement Agreement.  From the 3M Settlement Fund, $3,000 shall be paid to each of the 3M Class Representatives as a Service Award, which sums the Court finds to be fair and reasonable.

The TCA Settlement.  The TCA Settlement is fairly valued at $164 million. Class Counsel are hereby awarded attorneys' fees in the amount of $17,500,000 (approximately 10.7% of the TCA Settlement value), and $432,410.95 in reimbursement of Class Counsel's litigation costs, such amounts to be paid from the TCA Settlement Fund in accordance with the terms of the TCA Settlement

Agreement. From the TCA Settlement Fund, $15,000 shall be paid to each of the TCA Class Representatives as a Service Award, which sums the Court finds to be fair and reasonable.

The OCTA Settlement. The OCTA Settlement is fairly valued at $41 million. Class Counsel are hereby awarded attorneys' fees in the amount of $250,000 (approximately .61% of the OCTA Settlement value), and $108,102.73 in reimbursement of Class Counsel's litigation costs, such amounts to be paid from the OCTA Settlement Fund in accordance with the terms of the OCTA Settlement Agreement. From the OCTA Settlement Fund, $5,000 shall be paid to the OCTA Class Representative as a Service Award, which sum the Court finds to be fair and reasonable.

6. In making this award of attorneys' fees and reimbursement of costs to be paid from the Settlement Funds, the Court has also considered and found that:

(a) The Action raised numerous complex legal and factual issues, as well as many issues of first impression;

(b) Had Class Counsel not achieved the Settlements, there would remain a substantial risk that Settlement Class members may have recovered less or nothing at all from the Defendants;

(c) The amount of attorneys' fees awarded from each Settlement is fair and reasonable, and at or lower than the Ninth Circuit's benchmark as well as awards in similar cases; and

(d) The costs incurred by Class Counsel were reasonable and necessary to the effective prosecution of this action, and the amount of costs to be reimbursed from the Settlement Funds is fair and reasonable.

7. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and costs application shall in no way disturb or affect the finality of the Judgment.

8. Exclusive jurisdiction is hereby retained by the Special Master and this Court, over the parties and the members of the Settlement Classes for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement Agreements and this Order.

9. In the event that the Settlements are terminated or the Effective Dates of the Settlements otherwise fail to occur, this Order shall be rendered null and void to the extent provided by the Settlements.

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

February 11, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**