1
2
3
4
5
6
7
8
9
10

# United States District Court
# Central District of California

11  In re TOLL ROADS LITIGATION                 Case No: 8:16-cv-00262-ODW(ADSx)
12  _____
13  PENNY DAVIDI BORSUK, *et al.*,              Hon. Otis D. Wright II
14
15              Plaintiffs,                     **CLASS ACTION JUDGMENT**
                                                                    [626]
16       vs.
                                                 Date:   January 4, 2022
17                                               Time:   10:00 AM
18  FOOTHILL/EASTERN                             Location:   Judicate West
    TRANSPORTATION CORRIDOR
19  AGENCY, *et al.*,
                                                       1851 East First Street
20                                                     Suite 1600
21              Defendants.                            Santa Ana, CA 92705

22                                              (**Referred to Special Master: Hon.
                                                 Andrew J. Guilford (ret.**))
23
24
25
26
27
28

1

On April 12, 2021, Plaintiff Dan Golka on behalf of himself and the proposed Settlement Class (as defined below) ("Plaintiff") and Defendants Orange County Transportation Authority, Darrell Johnson and Lori Donchak (collectively "OCTA"), and Defendant Cofiroute USA, LLC ("Cofiroute") (OCTA and Cofiroute are collectively referred to as "Defendants") entered into a Settlement Agreement and Release ("Agreement")[1]. The settlement reached by Plaintiff and Defendants is referred to herein as the "Settlement."

On May 17, 2021, this Court granted preliminary approval of the Agreement and ordered that notice be sent to the Settlement Class (Dkt. 600, "Preliminary Approval Order").

Concurrently with entry of this Class Action Judgment, this Court granted final approval of the Settlement. Now pursuant to this Court's Order Granting Final Approval of Class Action Settlement ("Final Approval Order"), and the Plaintiff, Final Settlement Class Members and Defendants having so agreed as provided in the Agreement, and good cause appearing therefor,

**IT IS ORDERED, ADJUDGED AND DECREED** in favor of Defendants and against the Final Settlement Class Members as follows:

1. On Count V of Plantiff's Corrected First Amended Consolidated Class Action Complaint ("Complaint"), as the Court determined in its Order Regarding Defendants' Motion to Decide Key Legal Questions (Dkt. 566), the Court finds and declares that:

    a. It is not a violation of California Streets & Highways Code section 31490 ("Section 31490") for OCTA or its processing agency (as defined in California Vehicle Code section 40253), including Cofiroute, to send a license plate number of a vehicle which incurred a toll violation and the violation date directly or indirectly

---

[1] Unless otherwise defined, all terms used herein have the same meanings as set forth in the Agreement (Dkt. 594-3).

through a vendor to a department of motor vehicles to get the registered owner's name and address so the agency can send a notice of toll evasion violation to the registered owner or to send a license plate number directly or indirectly to a department of motor vehicles for a second or subsequent violation to get the registered owner's name and address so the agency can send a notice of toll evasion violation to the registered owner;

    b. It is not a violation of Section 31490 for OCTA or its processing agency, including Cofiroute, to send to the California Department of Motor Vehicles the information it requires to prevent the registration of a vehicle that incurred a toll violation from being renewed until outstanding tolls and penalties are paid as authorized by California Vehicle Code sections 40267(a) and 4770(a);

    c. It is not a violation of Section 31490 for OCTA or its processing agency, including Cofiroute, to send to the California Franchis Tax Board ("FTB") the information the FTB requires to intercept a toll violator's tax refund or lottery winnings and use them to pay outstanding tolls and penalties as authorized by California Government Code sections 12419.10 and 12419.12;

    d. It is not a violation of Section 31490 for OCTA or its processing agency, including Cofiroute, to send to a vendor the name and address of the registered owner of a vehicle which incurred or other person responsible for a toll violation to obtain an updated address to send a notice directly related to a toll evasion violation;

    e. It is not a violation of Section 31490 for OCTA or its processing agency, including Cofiroute, to send to a car rental company the information required to be included in a notice of toll evasion violation when a vehicle owned by that car rental company incurs a toll violation; and

    f. It is not a violation of Section 31490 for OCTA or its processing agency, including Cofiroute, to send another transporation agency the license plate number, transponder Hex ID number, unique account identifying number, date and

1. time of transaction, and toll plaza and/or lane of the other transportation agency's accoutholder's use of its toll road or toll lane for purposes of interoperability as authorized by California Streets and Highways Code section 27565(a)(2) and required by the California Toll Operators Committee interoperability specifications.

2. On Counts III and IV of the Complaint, as the Court determined in its Orders Regarding Defendants' Motions For Partial Summary Judgment (Dkt. 297) the Court finds and declares that Defendant OCTA's toll violation enforcement procedures, including (a) OCTA's use of addresses of registered owners obtained from departments of motor vehicles to send notices of toll evasion violation, (b) the display of signs on the 91 freeway announcing the 91 Express Lanes, (c) OCTA's administrative review process for toll evasion violations; and (d) the bond requirement for OCTA's administrative review, are not facially a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution or Article I, Section 7(a) of the California Constitution.

3. All other counts or claims alleged in the Complaint are hereby dismissed with prejudice and, except as otherwise provided in the Agreement or ordered by the Court, each party shall bear his, her or its own costs and attorney's fees.

4. Plaintiff and Final Settlement Class Members are hereby permanently enjoined from bringing, joining, or continuing to prosecute any Released Claims against any of the Defendants or the Released Parties.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** against Plaintiff and all Settlement Class Members, regardless of whether they opted out or excluded themselves from the Final Settlement Class, that:

1. The Court finds and declares that providing Settlement Class Member Information to the Class Administrator pursuant to the Agreement, the Preliminary Approval Order, Court ordered Class Notice, or the Final Approval Order does not violate Section 31490 or any other federal, state or local constitution, statute, rule, regulation or policy purporting to limit the disclosure of the personally identifiable

1  information that is reasonably necessary to provide notice to the Settlement Class
2  Members and to otherwise implement this Settlement

3      2.   Plaintiff and Settlement Class Members are permanently enjoined from
4  filing or pursuing any claim or litigation against Defendants OCTA, Cofiroute,
5  Foothill/Eastern Transportation Corridor Agency and San Joaquin Hills
6  Transportation Corridor Agency, 3M Company, BRiC-TPS, LLC, and any other
7  person or entity who provided or provides information to the Class Administrator
8  pursuant to the Preliminary Approval Order or Final Approval Order, and any of their
9  respective officers, agents, employees and attorneys, asserting that compliance with
10 the obligations imposed by the Agreement, the Preliminary Approval Order, Court
11 ordered Class Notice, or Final Approval Order violates Section 31490 or any federal,
12 state or local constitution, statute, rule, regulation or policy purporting to limit the
13 disclosure of the personally identifiable information that is reasonably necessary to
14 provide notice to the Settlement Class and to otherwise implement this Settlement.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that:

16     1.   Defendant OCTA shall, for a period of 10 years, maintain its maximum
17 toll violation penalty at no more that $100.00 per violation. The Court finds and
18 declares that a maximum penalty of $100.00 per violation is not facially a violation
19 of the Excessive Fines Clause under the Eighth and Fourteenth Amendments of the
20 United States Constitution or Article I, Section 17 of the California Constitution.

21     2.   Unless there is a change in current law governing the personally
22 identifiable information of a toll violator that a transportation agency may provide to
23 a third-party debt collection agency, the only personally identifiable information of a
24 toll violator Defendant OCTA, and its processing agency, including Defendant
25 Cofiroute while acting in its capacity as processing agency for OCTA, shall provide
26 a third-party debt collection agency is the information contained in the relevant toll
27 violation notice, any updated contact, address and/or email information, and a unique
28 violation number and toll violator identification number. Defendant OCTA and its

processing agency shall have no obligation under this Judgment to search for or obtain updated contact information for a toll violator before providing information to a third-party debt collection agency.

3. The Court finds and declares that it is not a violation of Section 31490 or the United States Constitution, California Constitution or any federal or California statutory provision for OCTA or its processing agency, including Cofiroute, to provide a third-party debt collection agency with the information contained in the relevant toll violation notice, any updated contact, address and/or email information, and a unique violation number and toll violator identification number.

**IT IS SO ORDERED.**

February 11, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**